CHURCH STATE COUNCIL
Alan J. Reinach, Esq. SBN. 196899
Jonathon S. Cherne, SBN. 281548, of counsel
2686 Townsgate Road,
Westlake Village, CA 91361
805.413-7398
Fax: 805.497-3828
E-mail: ajreinach@churchstate.org
        Jcherne@churchstate.org

Counsel for Plaintiff Mimi Weiss

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIMI WEISS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, Inc.<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1. Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964<br>2. Failure to Provide Religious Accommodation in Violation of Title VII of the Civil Rights Act of 1964<br>3. Retaliation in Violation of Title VII of the Civil Rights Act of 1964<br>4. Religious Coercion - Harassment in Violation of Title VII of the Civil Rights Act of 1964<br>5. Religious Discrimination-Disparate Treatment, in violation of Cal. Gov. Code § 12940(a)<br>6. Religious Discrimination-Failure to Accommodate, in violation of Cal. Gov. Code § 12940(l)<br>7. Retaliation, in violation of Cal. Gov. Code § 12940(h)<br>8. Failure to Prevent Discrimination and Harassment, in violation of Cal. Gov. Code § 12940(k)<br><br>JURY TRIAL DEMAND |

1

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

`

**INTRODUCTION**

Mimi Weiss was a management professional working in health education with a fifteen year career when defendant, The Permanente Medical Group, Inc. ("TPMG"), established a digital system for evaluating employee requests for religious accommodation *not* to get vaccinated for Covid-19. Because the system was based exclusively on digital written submissions online, without any opportunity for face-to-face communication, it operated in an arbitrary and capricious manner, denying accommodations to those, like Plaintiff Mimi Weiss, whose submissions were deemed incomplete or inadequate.

When Defendant imposed its vaccine mandate, it offered no exemption for those, like Weiss, whose work was entirely remote, and whose vaccine status was irrelevant to any legitimate health and safety concerns Defendant may have had. Moreover, Defendant granted many religious accommodation requests to those who worked closely with patients, demonstrating its belief that it could satisfy health and safety concerns of patients and staff while providing religious accommodations to those with sincerely held religious beliefs.

In the end, no one met with Weiss on behalf of Defendant to ask her why she did not want to be vaccinated, and to evaluate whether it was based on her religion. Had anyone met with Weiss, or even asked her supervisors, Weiss would still be serving TPMG customers today.

**PARTIES**

1.      Plaintiff Mimi Weiss is an individual who, during all relevant times, resided in Campbell, California.  She is and was protected by Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act. She is a member of a protected class on account of her religion, Christian Jew.

2.      Defendant TPMG is a California corporation duly registered to conduct business in the State of California, whose principal address is in Oakland, California. TPMG is an employer as defined by Title VII in that it employs more than fifteen (15) employees and represented to the EEOC that it was Weiss' employer.

2

**WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT**

## JURISDICTION AND VENUE

3.     This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq, and the California Fair Employment and Housing Act. Plaintiff seeks damages for unlawful discrimination arising from her termination due to her religion – Christian.

4.     Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statues:

a.     28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and

b.     28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States governments.

5.     In accordance with 28 U.S.C. §1367, supplemental jurisdiction is proper with respect to Plaintiff's state law claims because these claims arise from the same case and controversy as Plaintiff's Title VII claims.

6.     Plaintiff timely filed a charge with the California Civil Rights Department ("CCRD") on or about April 4, 2022, alleging discrimination and retaliation based on religion, charge number 202112-15586508.  This charge was dual-filed with the Equal Employment Opportunity Commission ("EEOC"), charge number 37A-2022-01045.

7.     On April 19, 2023, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff has therefore exhausted her administrative remedies, and this Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

8.     Venue is proper in the Northern District of California because of the events or omissions giving rise to the claims alleged herein occurred in this District, pursuant to 28 U.S.C. §1391. At the time this action commenced, Defendant TPMG is subject to personal jurisdiction in the Northern District because TPMG has sufficient contacts with the forum to subject it to personal jurisdiction in this District.

## JURY TRIAL DEMAND

9.      Weiss demands a jury trial.

## STATEMENT OF FACTS

10.      Weiss initially worked for TPMG for fifteen years, from August 2000 until 2015.  From 2000 to 2005, she served as a Senior Health Educator at Santa Clara Medical Center.  In 2005, she was promoted to Health Education Manager and served in that position until December 2015.  At all times during her employment, her job performance was excellent and she received outstanding performance reviews.

11.      In December 2015, Weiss left TPMG briefly, but was rehired in April 2017 in an on-call capacity in a Health Educator III position.

12.      In early 2020, Weiss applied for and was hired for a Managerial Senior Consultant position with the Regional Department, Health Engagement Consulting Services.  Her job duties in this position were to manage a portfolio for a variety of health engagement consulting projects for TPMG, Nor Cal region. She was involved in several major initiatives, including leading a regional task force to set regional standards for lifestyle education.  She received a very positive performance review during that time period and earned the respect of her peers for her job performance.

13.      Throughout the relevant period, Weiss' position was fully remote.  She had no in-person contact with patients, other employees or any other people while conducting her job duties. Thus, there was no risk that she would spread COVID-19 to patients or employees.

14.      In August 2021, Defendant mandated all employees to be vaccinated for COVID-19.

15.      Employees were were required to provide proof of fully vaccinated status or have an approved exemption by September 30, 2021, otherwise they would be placed on unpaid leave for 60 days to come into compliance. If compliance was not achieved during that 60-day period, Defendant advised they would be terminated.

16.      Weiss has a sincerely held religious belief which prevents her from receiving the COVID-19 vaccine.

4

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

17.     In or about late August, 2021, Weiss requested a religious accommodation to Defendant's COVID-19 vaccine mandate.

18.     On August 31, 2021, Defendant provisionally approved Weiss's religious exemption request and notified her of the approval by email.

19.     Shortly thereafter, in an email dated September 21, 2021, Defendant expressed concern that employees were submitting religious accommodation requests which contained identical language and that Defendant believed employees were exchanging information regarding how to obtain a religious exemption even if they did not have a sincerely-held religious belief.  It asked that employees restate their religious accommodation requests in their own words.

20.     On October 21, 2021, Defendant sent Weiss another email requiring Weiss to answer intrusive questions, such as whether Weiss had *ever* taken medications of *any kind*, and what other substances besides the COVID vaccine she refused to put into her body.  She refused to answer several of these questions regarding them as intrusive and a violation of privacy.  The questions appeared to be intended to trap applicants into providing answers which would appear to conflict with a sincerely-held religious belief.

21.     Rather than establish a screening or interactive process to adequately determine whether an individual requesting a religious accommodation to decline the COVID-19 vaccine was sincere, Defendant instead adopted a process that was arbitrary and capricious, as it did not involve any direct human contact with individual applicants, such as Weiss.

22.     Although Weiss responded in good faith to Defendant's request for additional information about her religious beliefs, and provided an explanation of her faith, Defendant rejected her religious accommodation request in an email dated November 30, 2021.  In the denial email, Weiss was informed that she would be placed on unpaid leave on December 5, 2021, pending receipt of full vaccination.

23.     Defendant rejected Weiss's religious accommodation because, according to the denial letter, "it has been determined that your request does not meet the standards necessary for

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

granting an exemption from obtaining any COVID-19 vaccine." The letter failed to explain what the standards were or in what way Weiss failed to meet them.

24.     On information and belief, Weiss' co-worker, Alicia Okoh, a Seventh-day Adventist, also requested religious accommodation to avoid the vaccination requirement. Unlike Weiss, Ms. Okoh used specific catch-phrases like "the mark of the beast" and "fetal cell lines," in her application. Unlike Weiss', Ms. Okoh's application was approved.

25.     After receiving the denial of her accommodation request, Weiss contacted her manager, Kim Smith, Manager, who referred her to Adena Kaplan, the Director of the program. She asked them who she could talk to about the denial. Ms. Kaplan said to her knowledge there was no appeal process. Ms. Kaplan informed Weiss that TPMG had hired a third-party company to review the exemptions.

26.     Contrary to EEOC guidelines, Defendant lacked an objective basis to question the sincerity of Weiss's belief.

27.     Defendant never provided an avenue for an appeal, or an individual with whom an applicant could discuss their sincerely held religious belief, should they believe an error had been made.

28.     Weiss contacted two Associate Executive Directors of her organization, Dr. Sameer Asware and Dr. Irene Chen, to explain her situation and ask for their assistance. In her email to Dr. Asware, Weiss explained her religious beliefs and her objections to the vaccine in detail.

29.     At no time during the exemption screening process did Defendant's or any of its employees ever meet with Weiss in person, by phone, or by video conference; at no time was there any direct human contact, and on information and belief, at no time did Defendant ever consult with any of Weiss's direct supervisor to learn whether she was religious, or to inquire about the sincerity of her religious objection to the COVID-19 vaccine.

30.     On or about December 5, 2022, Defendant placed Weiss on unpaid administrative leave because of her refusal to obtain the vaccine.

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

31.    On or about January 10, 2022, Defendant terminated Weiss from her position, effective immediately.  Weiss has been unable to find employment since that time.

**FIRST CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION-DISPARATE TREATMENT**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

32.    Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

33.    Under Title VII, it is unlawful for an employer to discharge a person or "to discriminate against any person with respect to her [or her] compensation, terms, conditions, or privileges of employment" because of a person's "religion." 42 U.S.C. § 2000e-2. A person's religion "includes all aspects of religious observance and practice, as well as belief." *Id* at § 2000e.

34.    Weiss was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She is Christian.

35.    Weiss was qualified for the position as she had been performing satisfactorily in the position for the previous five years.

36.    Defendant subjected Weiss to an adverse employment action in that it terminated her employment.

37.    Defendant's termination of Weiss was substantially motivated by her religion, in that it fired her because she requested religious accommodation not to be vaccinated.

38.    In terminating Weiss, Defendant denied Weiss's request for religious accommodation while granting such accommodations to others who were similarly situated, in that they also requested religious accommodation not to be required to obtain the COVID-19 vaccine.

39.    Defendant also discriminated against Weiss by interrogating her about her religious beliefs despite lacking any objective basis for questioning the sincerity of her religious beliefs.

40.    Defendant's discriminatory actions violated Plaintiff's rights not to suffer discrimination on account of her religion pursuant to 42 U.S.C § 2000e-2.

7

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

41.    Title VII of the Civil Rights Act prohibits employers from terminating employees due to their religion.

42.    The actions complained of herein constitute religious discrimination.

43.    As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

44.    As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

45.    Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

46.    Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**SECOND CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Against All Defendants)**

47.    Weiss re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

48.    At all times herein mentioned, the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*. was in full force and effect and was binding on Defendant.

49.    When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice. 42 U.S.C. 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." *Id*.

8

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

`

50.     Despite Weiss notifying Defendant of her need for religious accommodation to the COVID-19 vaccine, Defendant utterly failed to comply with legal obligations both to explore available reasonable alternative accommodations, and to implement a religious accommodation.

51.     By failing and refusing to provide Weiss a religious accommodation, Defendant discriminated against her, terminating her from her position.

52.     As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

53.     As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

54.     Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

55.     Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**THIRD CAUSE OF ACTION**
**RETALIATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Against All Defendants)**

56.     Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

57.     Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3(a) makes it unlawful for an employer to retaliate against its employees because the person "opposes any practice made an unlawful employment practice by [Title VII] or because [the employee] has made a charge,

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under this subchapter."

58.     The Equal Employment Opportunity Commission (EEOC) takes "the position that requesting a religious accommodation is a protected activity under the provision of Title VII." U.S. Equal Emp. Opportunity Comm'n, Section 12: Religious Discrimination,  EEOC-CVG-2021-3, *as reprinted in* EEOC Compliance Manual on Religious Discrimination (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftn321 (last visited June 5, 2023).

59.     Weiss engaged in a protected activity by requesting religious accommodation not to receive the COVID-19 vaccine.

60.     Although Defendant granted Weiss a preliminary / provisional religious accommodation, it revoked and denied her religious accommodation.

61.     Defendant then subjected Weiss to an adverse employment action in that it terminated her employment.

62.     Defendant terminated Weiss's employment in retaliation for seeking religious accommodation.

63.     On information and belief, it was entirely unnecessary for Defendant to terminate Weiss's employment even if it had legitimately determined she lacked a sincerely held religious belief – which it did not do. Since Weiss' position was fully remote at all relevant times, and Weiss did not have any in-person contact with patients or other employees, Defendant's safety concerns were invalid when applied to Weiss.   The decision to immediately terminate, without any recourse, those like Weiss whose religious exemption requests were rejected is retaliatory.

64.     As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

10

---

**WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT**

65.    As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

66.    Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

67.    Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### FOURTH CAUSE OF ACTION
### RELIGIOUS COERCION - HARASSMENT
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Against All Defendants)

68.    Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

69.    At all times mentioned herein, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), was in full force and effect and was binding upon Defendant.

70.    "Title VII is violated when an employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or privilege or avoiding an adverse employment action." EEOC Compliance Manual, Section 12: Religious Discrimination, *supra*.

71.    Defendant conditioned Weiss's employment on her abandoning her sincerely held religious belief not to be vaccinated against COVID-19.

72.    When Weiss failed to submit to Defendant's will, she was terminated.

73.    As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

11

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

74.    As a further direct and proximate result of Defendant's discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

75.    Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

76.    Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

### FIFTH CAUSE OF ACTION
### RELIGIOUS DISCRIMINATION-DISPARATE TREATMENT,
### CAL. GOV. CODE § 12940(a)

77.    Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

78.    It is unlawful for an employer to discharge a person, "or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of a person's "religious creed." (Gov. Code § 12940, subd. (a).) A person's religious creed includes "all aspects of religious belief, observance, and practice." (Gov. Code § 12926 subd. (q).)

79.    Weiss was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She identifies herself as a Jewish Christian.

80.    Weiss was qualified for the position as she had been performing satisfactorily in the position for the previous five years.

81.    Defendant subjected Weiss to an adverse employment action in that it terminated her employment.

82.    Defendant's termination of Weiss was substantially motivated by her religion, in that it fired her because she requested religious accommodation not to be vaccinated.

12

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

83.    In terminating Weiss, Defendant denied Weiss's request for religious accommodation while granting such accommodations to others who were similarly situated, in that they also requested religious accommodation not to be required to obtain the covid-19 vaccine.

84.    Defendant also discriminated against Weiss by interrogating her about her religious beliefs despite lacking any objective basis for questioning the sincerity of her religious beliefs.

85.    Defendant's discriminatory actions are in violation of Weiss's rights pursuant to Gov. Code § 12940, subd. (a) not to suffer discrimination on account of her religion.

86.    As a proximate result of the aforesaid acts of Defendant, Weiss has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Weiss claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

87.    As a proximate result of the wrongful acts of Defendant, Weiss has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Weiss is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

88.    As a proximate result of the wrongful acts of Defendant, Weiss has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Weiss is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

89.    Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant.  Defendant's manager, officer, and/or agent were aware of Defendant's policies and procedures requiring Defendant's managers, officers, and

**WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT**

agents to prevent, and investigate discrimination, retaliation, and harassment/hostile work environment against and upon employees of Defendant. Furthermore, Defendant's manager, officer, and/or agent maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities.  However, Defendant's manager, officer, and/or agent chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Weiss and the rights and duties owed by each Defendant to Weiss.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Weiss should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**SIXTH CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE**
**GOVERNMENT CODE § 12940(l)(1),**
**Against All Defendants)**

90.    Weiss re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

91.    At all times herein mentioned, Government Code § 12940 et seq. was in full force and effect and was binding on Defendant.  l

92.    When faced with requests for religious accommodation, employers are obligated to explore "any available reasonable alternative means of accommodating the religious belief or observance" (Gov. Code § 12940, subd. (l)(1)).

93.    Protected religious belief or observance includes "all aspects of religious belief, observance, and practice" (Gov. Code § 12926, subd. (q)).

**WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT**

94.     Despite Weiss notifying Defendant of her need for religious accommodation to the COVID-19 vaccine, Defendant utterly failed to comply with legal obligations both to explore available reasonable alternative accommodations, and to implement a religious accommodation.

95.     By failing and refusing to provide Weiss a religious accommodation, Defendant discriminated against her, terminating her from her position.

96.     As a proximate result of the aforesaid acts of Defendant, Weiss has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Weiss claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

97.     As a proximate result of the wrongful acts of Defendant, Weiss has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Weiss is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

98.     As a proximate result of the wrongful acts of Defendant, Weiss has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Weiss is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

99.     Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant.  Defendant's manager, officer, and/or agent was aware of Defendant's policies and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment/hostile work environment against and upon employees of Defendant. Furthermore, Defendant's manager,

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

officer, and/or agent maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities.  However, Defendant's manager, officer, and/or agent chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Weiss and the rights and duties owed by each Defendant to Weiss.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Weiss should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**SEVENTH CAUSE OF ACTION**
**RETALIATION**
**CAL. GOV. CODE § 12940(h) and (l)(4)**

100.    Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

101.    Government Code § 12940 (h) makes it unlawful for an employer to retaliate against "any person because the person has opposed any practices forbidden under this part …."

102.    Government Code § 12940(l)(4) modifies § 12940(h) to specify that a request for religious accommodation is an activity protected against retaliation.

103.    Weiss engaged in a protected activity by requesting religious accommodation not to receive the COVID-19 vaccine.

104.    Although Defendant granted Weiss a preliminary / provisional religious accommodation, it revoked and denied her religious accommodation.

105.    Defendant then subjected Weiss to an adverse employment action in that it terminated her employment.

106.    Defendant terminated Weiss's employment in retaliation for seeking religious accommodation.

16

---

**WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT**

107.    On information and belief, it was entirely unnecessary for Defendant to terminate Weiss's employment even if it had legitimately determined she lacked a sincerely held religious belief – which it did not do. Defendant had other options, such as placing Weiss on a leave of absence. The decision to immediately terminate, without any recourse, those like Weiss whose religious exemption requests were rejected is retaliatory.

108.    As a proximate result of the aforesaid acts of Defendant, Weiss has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Weiss claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

109.    As a proximate result of the wrongful acts of Defendant, Weiss has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Weiss is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

110.    As a proximate result of the wrongful acts of Defendant, Weiss has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Weiss is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

## EIGHTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT
### IN VIOLATION OF CAL. GOV. CODE § 12940(k)

111.    Weiss realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

112.    At all times mentioned herein, Government Code § 12940, et seq., including but not limited to § 12940, subdivisions (a), (j) and (k), was in full force and effect and was binding

17

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

`

upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

113.    Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment.  Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

114.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated Government Code § 12940, subdivisions (a), (j) and (k), causing Weiss to suffer damages.

115.    As a proximate result of the aforesaid acts of Defendants, Weiss has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Weiss claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

116.    As a proximate result of the wrongful acts of Defendants, Weiss has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Weiss is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

117.    As a proximate result of the wrongful acts of Defendant, Weiss has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Weiss is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

WEISS v. THE PERMANENTE MEDICAL GROUP, INC.COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE,** Weiss prays judgement against Defendant as follows:

1. Declaratory Relief, declaring that Defendant violated Plaintiff's rights to be free of discrimination in the workplace;

2. All available injunctive relief, compelling Defendants to refrain from discrimination in the workplace; including requiring Defendant both to adopt adequate policies with respect to religious discrimination, accommodation, retaliation and harassment, and to provide training on these policies to managers and human resources professionals;

3. Compensatory economic damages;

4. Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial.

5. Order Defendant to pay Prejudgment interest;

6. Order Defendants to pay Punitive Damages pursuant to Title VII of the Civil Rights Act of 1964 sufficient to make an example of and to punish Defendants.

7. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.

8. Grant such further relief as this Court deems just and proper.

Dated:  July 13, 2023
Westlake Village, California.                              *s/ Alan J Reinach*

_____
ALAN J. REINACH
JONATHON S. CHERNE
Attorneys for Plaintiff, MIMI WEISS

19