1   SEYFARTH SHAW LLP
    Christian J. Rowley (SBN 187293)
2   crowley@seyfarth.com
    Sean T. Strauss (SBN 245811)
3   sstrauss@seyfarth.com
    Galen P. Sallomi (SBN 306743)
4   gsallomi@seyfarth.com
    560 Mission Street, 31st Floor
5   San Francisco, California 94105
    Telephone:  (415) 397-2823
6   Facsimile:   (415) 397-8549

7   Attorneys for Defendant
    THE PERMANENTE MEDICAL GROUP, INC.

8

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  MIMI WEISS,                          Case No. 3:23-cv-03490-RS

14               Plaintiff,              **DEFENDANT THE PERMANENTE
                                         MEDICAL GROUP, INC.'S NOTICE OF
15        v.                             MOTION AND MOTION TO DISMISS
                                         PLAINTIFF'S COMPLAINT;
16  THE PERMANENTE MEDICAL GROUP, INC.,  MEMORANDUM OF POINTS AND
                                         AUTHORITIES**
17               Defendant.
                                         Date:       Thursday, November 2, 2023
18                                       Time:       1:30 p.m.
                                         Judge:      Hon. Richard Seeborg
19                                       Location:   San Francisco Courthouse
                                                     Courtroom 3 – 17th Floor
20                                                   450 Golden Gate Avenue
                                                     San Francisco, CA 94102
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 1

II.   STATEMENT OF FACTS ...................................................................................... 3

III.  LEGAL STANDARD.............................................................................................. 8

IV.   ANALYSIS.............................................................................................................. 9

    A.    The Second, Fourth, Sixth, and Eighth Causes of Action Must
       be Dismissed for Failure to Allege Facts Sufficient to Establish
       a Sincerely Held Religious Belief.............................................................. 9

    B.    The Second, Fourth, Sixth, and Eighth Causes of Action Must
       be Dismissed Because Plaintiff Cannot Establish She Informed
       TPMG of Her Purported Religious Beliefs.............................................. 10

    C.    The First and Fifth Causes of Action for Disparate Treatment
       Must be Dismissed Because the Complaint Does Not Allege
       Facts Establishing Differing Treatment Outside Plaintiff's
       Protected Class or Discriminatory Intent ................................................ 14

    D.    The Third and Seventh Causes of Action for Retaliation Must
       be Dismissed Because the Complaint Has Not Alleged and
       Cannot Allege a Causal Link Between Plaintiff's Request for a
       Religious Accommodation and Termination of Her Employment ...................... 17

V.    CONCLUSION....................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Africa v. Pennsylvania,*
    662 F.2d 1025 (3d Cir. 1981)......................................................................................11, 12

*Alvarado v. City of San Jose,*
    94 F.3d 1223 (9th Cir. 1996) ...........................................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................................8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................................8

*Birkes v. Mills,*
    No. 03:10-CV-00032-HU, 2011 WL 5117859 (D. Or. Sept. 28, 2011) ...........................11

*Bush v. Mondelez Int'l, Inc.,*
    No. 16-CV-02460-RS, 2016 WL 5886886 (N.D. Cal. Oct. 7, 2016) .................................8

*Cagle v. Weill Cornell Med.,*
    No. 1:22-cv-06951-LJL, 2023 WL 4296119 (S.D.N.Y. June 30, 2023) ...........................10

*Campanelli v. Bockrath,*
    100 F.3d 1476 (9th Cir. 1996) ...........................................................................................8

*Cary v. Carmichael,*
    908 F. Supp. 1334 (E.D. Va. 1995) .................................................................................14

*Clark v. Frank,*
    5 F.3d 535 (9th Cir. 1993) ...............................................................................................14

*Crawford v. Trader Joe's Co.,*
    No. 5:21-cv-01519-JGB-SHK, 2023 WL 3559331 (C.D. Cal. May 4, 2023) ......................9

*Day v. Sears Holdings Corp.,*
    930 F. Supp. 2d 1146 (C.D. Cal. 2013) ...........................................................................17

*E.E.O.C. v. Papin Enters., Inc.,*
    No. 6:07-cv-01548-JA-KRS, 2009 WL 2256023 (M.D. Fla. July 28, 2009) ...................14

*Ellison v. Inova Health Care Servs.,*
    No. 1:23-cv-00132, 2023 WL 4627437 (E.D. Va. July 19, 2023).....................................12

*Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.,*
    877 F.3d 487 (3d Cir. 2017)............................................................................................12

*Finkbeiner v. Geisinger Clinic*,
    623 F. Supp. 3d 458 (M.D. Pa. 2022) ................................................................12

*Freyd v. University of Or.*,
    990 F.3d 1211 (9th Cir. 2021) ..........................................................................15

*Friend v. AstraZeneca Pharms. LP*,
    No. 1:22-cv-03308-SAG, 2023 WL 3390820 (D. Md. May 11, 2023) ...............10

*Gage v. Mayo Clinic*,
    No. CV-22-02091-PHX-SMM, 2023 WL 3230986 (D. Ariz. May 3, 2023) ..............10, 15

*Heller v. EBB Auto Co.*,
    8 F.3d 1433 (9th Cir. 1993) ................................................................................9

*Hittle v. City of Stockton*,
    No. 2:12-cv-00766-TLN-KJN, 2016 WL 1267703 (E.D. Cal. Mar. 31, 2016) ..............9

*Klein v. Walt Disney Co.*,
    No. CV 13-01358 PSG, 2014 WL 12587046 (C.D. Cal. June 6, 2014) ...............17

*Lazy Y Ranch Ltd. v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ..........................................................................9, 11

*Lyons v. England*,
    307 F.3d 1092 (9th Cir. 2002) ..........................................................................14

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ..............................................................................8

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ..........................................................................................14

*McKinley v. Princeton Univ.*,
    No. 3:22-cv-05069-MAS-TJB, 2023 WL 3168026 (D.N.J. Apr. 28, 2023) .............10

*Meadows v. Lesh*,
    No. 1:10-cv-00223-JJM, 2010 WL 3730105 (W.D.N.Y. Sept. 17, 2010) .............10

*Moran v. Selig*,
    447 F.3d 748 (9th Cir. 2006) ............................................................................16

*Moss v. United States Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ..............................................................................8

*Passarella v. Aspirus, Inc.*,
    No. 22-CV-287-JDP, 2023 WL 2455681 (W.D. Wis. Mar. 10, 2023) ...............12

*Peterson v. Hewlett-Packard Co.*,
    358 F.3d 599 (9th Cir. 2004) ..........................................................................9, 11

iii

*Ray v. Henderson*,
   217 F.3d 1234 (9th Cir. 2000) ....................................................................................17

*Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*,
   768 F.3d 938 (9th Cir. 2014) .......................................................................................8

*Ricci v. DeStefano*,
   557 U.S. 557 (2009).....................................................................................................14

*Schlitt v. Abercrombie & Fitch Stores, Inc.*,
   No. 15-CV-01369-WHO, 2016 WL 2902233 (N.D. Cal. May 13, 2016) ......................15

*Stanley v. California*,
   No. 1:11-CV-00981-LJO, 2012 WL 6608574 (E.D. Cal. Dec. 18, 2012).....................15

*Texas Dep't of Cmty. Affairs v. Burdine*,
   450 U.S. 248 (1981).....................................................................................................14

*Ulrich v. Lancaster Gen. Health*,
   No. CV 22-4945, 2023 WL 2939585 (E.D. Pa. Apr. 13, 2023) ..................................12

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .......................................................................................8

*United States ex rel. Chunie v. Ringrose*,
   788 F.2d 638 (9th Cir. 1986) ...................................................................................8, 10

*Varkonyi v. United Launch Alliance, LLC*,
   No. 2:23-CV-00359-SB-MRW, 2023 WL 4291649 (C.D. Cal. May 12, 2023) ........15, 16

*Vasquez v. County of Los Angeles*,
   349 F.3d 634 (9th Cir. 2003) .......................................................................................16

*Wood v. City of San Diego*,
   678 F.3d 1075 (9th Cir. 2012) .....................................................................................14

**Federal Statutes**

Civil Rights Act of 1964
   Title VII, 42 U.S.C. § 2000d, et seq. ......................................................................... *passim*

**State Statutes**

California Fair Housing and Employment Act
   Cal. Gov. Code, § 12940........................................................................................... *passim*

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................1, 8

iv

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on Thursday, November 2, 2023, at 1:30 p.m., or as soon thereafter as counsel can be heard in the above-entitled Court, in Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant THE PERMANENTE MEDICAL GROUP, INC. ("TPMG" or "Defendant"), will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against it by Plaintiff Mimi Weiss ("Plaintiff") in her Complaint for Damages and Injunctive Relief (the "Complaint").

TPMG respectfully requests that the Court find Plaintiff fails to plausibly establish any cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000d, et seq. ("Title VII") or California's Fair Employment and Housing Act, California Government Code section 12940 ("FEHA"), because the Complaint does not advance specific facts demonstrating that (1) Plaintiff had a sincerely-held religious belief which prohibited her from receiving a COVID-19 vaccine; (2) Plaintiff provided sufficient notice of any such purported sincerely-held religious belief and the manner in which it conflicted with an employment requirement; (3) Plaintiff was treated differently than similarly situated persons outside her protected class; (4) TPMG had discriminatory intent when implementing the Kaiser Permanente COVID-19 Vaccination Policy; and (5) there was but-for causation between Plaintiff's submission of a request for religious accommodation from the Kaiser Permanente COVID-19 Vaccination Policy and Plaintiff's termination from employment by TPMG.

This motion is based on this notice of motion, the below memorandum of points and authorities, the Declaration of Sean T. Strauss and exhibits thereto filed herewith, all pleadings and documents on file in this case, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In her Complaint, Plaintiff advances claims under Title VII and FEHA alleging that her former employer, TPMG, discriminated against her when it terminated her employment due to her failure to comply with the Kaiser Permanente COVID-19 Vaccination Policy. Specifically, Plaintiff asserts that TPMG wrongfully denied her request for a religious exemption from its COVID-19 vaccine mandate

and then "fired her because she requested a religious accommodation not to be vaccinated." Complaint, ¶¶ 37, 82. For various reasons, the Complaint fails to advance specific facts sufficient to plausibly state any cause of action, requiring dismissal of its eight claims.

First, as to the Complaint's Second, Fourth, Sixth and Eighth Causes of Action – advancing failure to accommodate and harassment theories under Title VII and FEHA – Plaintiff fails to allege any facts establishing she had a bona-fide religious belief preventing her from receiving the COVID-19 vaccine. The only allegation in the entirety of the Complaint addressing Plaintiff's religious belief is that Plaintiff purportedly "has a sincerely held religious belief which prevents her from receiving the COVID-19 vaccine." Complaint, ¶ 16. A bald and conclusory allegation such as this that Plaintiff has an unspecified alleged religious belief is not, however, sufficient to state a claim for religious discrimination or harassment based on religion. The Complaint's Second, Fourth, Sixth and Eighth Causes of Action must accordingly be dismissed.

Second, the Complaint's Second, Fourth, Sixth and Eighth Causes of Action must also be dismissed because Plaintiff has not and cannot allege she adequately informed TPMG of any alleged religious objection to taking the COVID-19 vaccine. Plaintiff's exemption request and her response to the request for supplemental information regarding her religious beliefs – which are incorporated by reference into the Complaint – establish Plaintiff's description of her alleged religious belief consisted of (1) generalities, (2) arguments regarding the relevance of questions, and (3) outright refusals to answer legitimate questions. Plaintiff's repeated failure to adequately respond to TPMG's reasonable requests for information regarding her purported religious belief separately doom these causes of action.

Third, Plaintiff's First and Fifth Causes of Action alleging disparate treatment under Title VII and FEHA must be dismissed because the Complaint does not advance facts establishing (1) Plaintiff was treated differently than similarly situated persons outside her protected class, or (2) discriminatory intent by TPMG. Specifically, Plaintiff alleges membership in a protected class because she is Christian, but fails to advance any facts establishing that non-Christians were treated differently by the Kaiser Permanente COVID-19 Vaccination Policy, the exemption request process, or that TPMG intended to discriminate against Christians in the manner it implemented the policy. The Complaint's failure to allege any such facts requires dismissal of its disparate treatment claims.

Finally, the Complaint's Third and Seventh Causes of Action – alleging retaliation under Title VII and FEHA – must be dismissed because Plaintiff fails to establish a causal connection between the protected activity alleged in the Complaint and her termination. Plaintiff asserts she engaged in protected activity by "requesting religious accommodation not to receive the COVID-19 vaccine." Complaint, ¶¶ 59, 103. Factual allegations advanced in the Complaint, however, unambiguously establish Plaintiff was terminated "because of her refusal to obtain the vaccine" (Complaint, ¶ 30), not because she submitted a request for a religious accommodation. Because Plaintiff had not advanced any facts establishing that engaging in the protected activity alleged in the Complaint caused any adverse employment action, Plaintiff's retaliation claims must be dismissed as well.

## II.    STATEMENT OF FACTS

Plaintiff alleges she worked for TPMG from August 2000 until 2015 and again from April 2017 until January 10, 2022. *See* Complaint, ¶¶ 10, 11, 31. Plaintiff asserts her position with TPMG was as a "Managerial Senior Consultant . . .  with the Regional Department, Health Engagement Consulting Services." *Id.,* ¶ 12. Plaintiff contends "[h]er job duties in this position were to manage a portfolio for a variety of health engagement consulting projects for TPMG, Nor Cal region." *Id.*

In response to the unprecedented public health emergency presented by the COVID-19 pandemic, and in anticipation of both federal and state regulations adopted shortly thereafter requiring COVID-19 vaccination for all employees of healthcare organizations, "[i]n August 2021, [TPMG] mandated all employees to be vaccinated for COVID-19." Complaint, ¶ 14. Plaintiff alleges that the Kaiser Permanente COVID-19 Vaccination Policy required all TPMG employes to provide proof of full vaccination or have an approved exemption by September 30, 2021, or be placed on unpaid leave for 60 days to come into compliance. *See id.,* ¶ 15. Plaintiff further asserts that, if compliance was not achieved during the 60-day unpaid leave of absence, employment would be terminated. *Id.*

Plaintiff contends she is a "Christian Jew" who has an unspecified alleged "sincerely held religious belief which prevents her from receiving the COVID-19 vaccine." Complaint, ¶¶ 1, 16. Plaintiff alleges that, "[i]n or about late August 2021, [she] requested a religious accommodation to [the Kaiser Permanente] COVID-19 vaccine mandate." *Id.,* ¶ 17. Records show that the substantive portion of Plaintiff's August 26, 2021 exemption request stated as follows:

3

**My religion is as follows:** Christian Jew

**The specific religious doctrine or teaching that prevents me from receiving a vaccine is:** My religious beliefs as a Christian Jew do not allow me to receive a Covid-19 vaccine: The Torah prohibits us from accepting foreign material into our bodies, Deuteronomy 14:1 prohibits needle wounds except for direct curative benefit. One must maintain his body and blood uncontaminated under Jewish law. I consider these COVID-19 vaccines to represent a defilement of my body, blood and soul and a rejection of the trust we must have as Jews in the natural healing powers bestowed upon the human body by our Creator. "Do you not know that your bodies are temples of the Holy Spirit, who is in you, whom you have received from God?"(1 Cor 6:19) The COVID-19 vaccines go directly against my belief that I am not to introduce foreign substances into my body temple that change how my Creator designed it. God created my body temple with an immune system, the mechanism to ward off disease, and there is need to inject a man-made substance in an effort to "improve" my God given abilities.

**I have previously declined to receive other vaccines because of my religious belief, practice or observance?** No

**If yes, please identify the other vaccines you have declined. If no, please explain what makes the COVID-19 vaccine different from the other vaccines you have not declined** It's not that the covid-19 vaccine is different for me. What's different is that during the last 18 months I've experienced extreme isolation and depression. I have sought comfort in God and in my faith to get me through this time. I've recommitted to my Jewish roots and earlier this year have accepted Jesus Christ as the Messiah.

Declaration of Sean T. Strauss in Support of TPMG's Motion to Dismiss Plaintiff's Complaint ("Strauss Decl."), Ex. A at p. 1-2. On August 30, 2021, TPMG notified Plaintiff that it provisionally approved her religious exemption request from the Kaiser Permanente COVID-19 Vaccination Policy. *See* Strauss Decl., Ex. B at p. 2; Complaint, ¶ 18. In that message TPMG specifically explained, "*This approval is provisional -- the decision to approve, and actions taken to accommodate the exemption, are subject to change based on frequently changing conditions, such as COVID-19 infection levels, and changes in public health guidance, legal requirements, and KP policies and practices.*" Strauss Decl., Ex. B at p. 2 (emphasis in original); *see* Complaint, ¶ 18.

On September 21, 2021, TPMG informed Plaintiff that it was "engaging in additional review of exemption requests" because "[i]t has come to our attention that many employees have submitted similar or nearly identical exemption requests containing language that was taken verbatim from various free and paid template forms available on the internet." Strauss Decl., Ex. C at p. 1; *see* Complaint, ¶ 19. TPMG further explained that it also observed discussion "in internet chat groups in which Kaiser Permanente employees have been exchanging strategies for avoiding the vaccine mandate and

4

distributing language and phrases that seem to be designed to create the appearance of a legitimate religious exemption instead of actually being based on a sincerely held religious belief." Strauss Decl., Ex. C at p. 1-2; *see* Complaint, ¶ 19. For this reason, TPMG alerted Plaintiff that she might "be asked for additional information so that we can better understand the nature of your religious belief. You will receive an email if more detail is required." Strauss Decl., Ex. C at p. 2. Plaintiff was specifically instructed that her responses to any further requests for information  "must be in your own words." *Id.*

On October 21, 2021, Plaintiff was notified that, "After careful review of your request for an exemption under the COVID-19 Vaccination Policy, undertaken to ensure ongoing compliance with our responsibilities under public health requirements and KP policy, it has been determined that additional information is needed from you to further evaluate whether you have a sincerely held religious belief, practice, or observance that prevents you from receiving any COVID-19 vaccine." Strauss Decl., Ex. D, at pp. 1, 2; *see* Complaint, ¶ 20. In this request for additional information, seven additional questions were posed regarding the alleged religious belief underlying Plaintiff's exemption request.[1] *Id.,* at p. 3-4.

In Plaintiff's October 26, 2021 response to the request for additional information, she "refused to answer several of these questions regarding them as intrusive and a violation of privacy."[2] Complaint, ¶ 20. Specifically, records establish that the entirety of the substantive portions of Plaintiff's response to the request for additional information regarding her request for a religious exemption from the Kaiser Permanente COVID-19 Vaccination Policy is as follows:

---

[1]    The Equal Employment Opportunity Commission ("EEOC") expressly provides that "if an employer has an objective basis for questioning either the religious nature or the sincerity of a particular belief, the employer would be justified in making a limited factual inquiry and seeking additional supporting information." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws. In connection with this inquiry "[t]he employer may ask for an explanation of how the employee's religious beliefs, practices, or observances conflict with the employer's COVID-19 vaccination requirement." *Id.* "If an employee's objection to a COVID-19 vaccination requirement is not religious in nature, or is not sincerely held, Title VII does not require the employer to provide an exception to the vaccination requirement as a religious accommodation." *Id.*

[2]    Notably, the EEOC specifically cautions that, "An employee who fails to cooperate with an employer's reasonable requests for verification of the sincerity or religious nature of a professed belief, practice, or observance risks losing any subsequent claim that the employer improperly denied an accommodation." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

**"If you have additional information you would like to submit in support of your request for exemption, please provide it here:"**

Dear Human Resources,

First, I want to thank you for accommodating my religious exemption. And, kindly I would like to reiterate, as a Christian Jew my body is a sovereign gift from God, and I am commanded by God in both the Torah and New Testament not to interfere with God's perfection. (Additional information for accommodating my religious exemption)

Next, I'm compelled to share the following feedback….I do know inclusivity is foundational to Kaiser Permanente as messaged in our annual compliance trainings. I am saddened to note, the line of questioning in your email appears to be incongruent KP's commitment to inclusivity.

Finally, regarding your specific questions, I am unclear of the legal relevance (Title VII) to my already approved religious exemption. However, in my desire to be considerate of your request I did provide brief answers, see below. (Additional information for accommodating my religious exemption)

I trust this matter will be fully resolved upon receipt of this email.

Thank you again,

Mimi A Weiss

**ADDITIONAL QUESTIONS REGARDING YOUR REQUEST FOR RELIGIOUS EXEMPTION FROM COVID-19 VACCINATION (Maximum of Nine)**

Question:

What else besides the COVID-19 vaccine do you refuse to put in your body as a result of your religious belief?

Answer:

Any chemicals/substances that would be unclean as guidance from my Creator.

Question:

Have you put this belief into practice in any other areas of your life?

Answer:

Yes, my religious beliefs inform all meaning and purpose in my life.

Question:

Do you currently take or have you ever taken medications of any kind (over the counter or prescription) as an adult?

Answer:

6

My medical information and history is protected, and private, therefore I will not answer questions about medicines that I may or may not have taken.

Question:

Note: We are not asking you tell us what medications you take or why you take them - please do not share that information with us. If you answered yes:

Answer:

Question:

"When is the last time you took such medicine? Is the COVID-19 vaccine different from these medicines? If so, how?"

Answer:

Once again, my medical information and history is protected, and private, therefore I will not answer questions about medicines I may or may not have taken. To draw any comparisons as asked above is not applicable.

Question:

Why does your religious belief prevent you from receiving the COVID-19 vaccination but not from taking other medications?

Answer:

I am not understanding the relevance of this question related to my sincerely held religious beliefs and accommodating my religious exemption. As previously stated, my religious beliefs do not allow me to alter the perfection of my God-given immune system.

Question:

Please resubmit your request for accommodation in your own words without using template or stock language from the internet or other sources.

Answer:

Strauss Decl., Ex. E at p. 2-3.

On November 30, 2023, TPMG informed Plaintiff that her request for a religious exemption had been denied and that she "would be placed on unpaid leave from employment on December 5, 2021," unless she provided evidence of receipt of a COVID-19 vaccine. Complaint, ¶ 22; *see* Strauss Decl., Ex. F, at p. 2-3. "On or about December 5, 2022, [TPMG] placed [Plaintiff] on unpaid administrative leave because of her refusal to obtain the vaccine." Complaint, ¶ 30. On or about January 10, 2022, TPMG terminated Plaintiff's employment due to her failure to meet the requirements of the Kaiser Permanente COVID-19 Vaccination Policy. *See id.,* ¶ 31.

7

1

### III.    LEGAL STANDARD

2          A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in

3   the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint "must contain

4   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

5   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

6   (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to

7   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

8   678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of

9   a cause of action will not do." *Id.*; *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969

10  (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

11         When reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in

12  the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v.*

13  *United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Nevertheless, a court

14  "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex*

15  *rel. Chunie v. Ringrose*, 788 F.2d 638, 643 fn. 2 (9th Cir. 1986). That is, to defeat a Rule 12(b)(6)

16  motion, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the

17  elements." *Twombly*, 550 U.S. at 555.

18         When evaluating a motion to dismiss, a court's review is generally limited to the contents of the

19  complaint. *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).The Court may, however,

20  also consider documents attached to the complaint, documents incorporated by reference in the

21  complaint, or matters subject to judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

22  2003). Under the incorporation by reference doctrine, the Court may consider documents "on which the

23  complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to

24  the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

25  motion." *Bush v. Mondelez Int'l, Inc.*, No. 16-CV-02460-RS, 2016 WL 5886886, at *1 fn. 1 (N.D. Cal.

26  Oct. 7, 2016) (Seeborg, J.) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). When

27  evaluating the allegations of a complaint, the Court should disregard "allegations contradicting

28

documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

## IV.    ANALYSIS

### A.    The Second, Fourth, Sixth, and Eighth Causes of Action Must be Dismissed for Failure to Allege Facts Sufficient to Establish a Sincerely Held Religious Belief

Plaintiff's (1) Second Cause of Action for Failure to Accommodate pursuant to Title VII; (2) Fourth Cause of Action for Religious Coercion – Harassment pursuant to Title VII; (3) Sixth Cause of Action for Failure to Accommodate pursuant to FEHA, and (4) Eighth Cause of Action for Failure to Prevent Discrimination and Harassment pursuant to FEHA each require that Plaintiff establish she has a bona fide religious belief, the practice of which conflicted with an employment duty. Instead of advancing specific facts to establish Plaintiff's purported religious belief, the Complaint provides only the threadbare conclusion that Plaintiff allegedly "has a sincerely held religious belief which prevents her from receiving the COVID-19 vaccine." Complaint, ¶ 16. The Complaint's failure to explain Plaintiff's alleged religious belief or how its practice conflicted with her employment duties is fatal to the Second, Fourth, Sixth, and Eighth Causes of Action. Those claims must accordingly be dismissed.

To establish a claim for religious discrimination under Title VII under a failure to accommodate theory, Plaintiff must establish that "(1) [s]he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [s]he informed [her] employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [her] to an adverse employment action because of [her] inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (citing *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). The elements of a prima facie failure to accommodate claim under FEHA are identical. *See Crawford v. Trader Joe's Co.*, No. 5:21-cv-01519-JGB-SHK, 2023 WL 3559331, at *8 (C.D. Cal. May 4, 2023). Plaintiff's "coercion-harassment" related claims under Title VII and FEHA similarly require specific facts establishing Plaintiff has a "sincerely held religious belief not to be vaccinated against COVID-19." Complaint, ¶ 71; *see Hittle v. City of Stockton*, No. 2:12-cv-00766-TLN-KJN, 2016 WL 1267703, at *6 (E.D. Cal. Mar. 31, 2016) (claim for failure to prevent religious discrimination and harassment may not be maintained if plaintiff fails to establish cause of action for religious discrimination).

9

The only description in the Complaint of Plaintiff's religious belief is as follows: "Weiss has a sincerely held religious belief which prevents her from receiving the COVID-19 vaccine." Complaint, ¶ 16. This not a fact. It is a legal conclusion cast in the form of a factual allegation. As such, it is not entitled to the presumption of truth in connection with this motion. *See Chunie*, 788 F.2d at 643, fn. 2. Because this is the only allegation in the Complaint addressing Plaintiff's purported religious belief, all claims dependent on establishing Plaintiff had a sincerely-held religious belief must be dismissed.

To viably establish a religious belief, the Complaint must plead facts demonstrating Plaintiff's specific religious belief that prevented her from taking the COVID-19 vaccine and how practicing that religious belief conflicted with her employment duties at TPMG. "A threadbare reference to her 'religious beliefs' cannot suffice to meet this element at the motion to dismiss stage." *Gage v. Mayo Clinic*, No. CV-22-02091-PHX-SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023).[3] Because the Complaint advances no facts addressing Plaintiff's purported religious belief, the Second, Fourth, Sixth, and Eighth Causes of Action must be dismissed.

### B. The Second, Fourth, Sixth, and Eighth Causes of Action Must be Dismissed Because Plaintiff Cannot Establish She Informed TPMG of Her Purported Religious Beliefs

Similarly, the Complaint's Second, Fourth, Sixth and Eighth Causes of Action must be dismissed because Plaintiff has not established and cannot establish she adequately informed TPMG of any purported religious belief. As noted above, the second element of a prima facie claim for religious discrimination under Title VII pursuant to a failure to accommodate theory is that Plaintiff "informed

---

[3]    *See also Cagle v. Weill Cornell Med.*, No. 1:22-cv-06951-LJL, 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023) ("Plaintiff does not allege any non-conclusory facts about her religious beliefs or that her beliefs would conflict with the vaccination requirement. She alleges that she has 'religious beliefs' and that those beliefs include 'religious practices of non-vaccination.' But those allegations are conclusory. Bald allegations that a plaintiff has a religious belief and that those religious beliefs conflict with an employment requirement are insufficient to state a claim for religious discrimination under Title VII."); *Friend v. AstraZeneca Pharms. LP*, No. 1:22-cv-03308-SAG, 2023 WL 3390820, at *3 (D. Md. May 11, 2023) ("While Plaintiff's Complaint asserts that he 'had bona fide religious beliefs that conflicted with AstraZeneca's COVID-19 vaccine mandate,' it alleges no facts to allow this Court to assess what Plaintiff's religious beliefs are and how they conflict."); *McKinley v. Princeton Univ.*, No. 3:22-cv-05069-MAS-TJB, 2023 WL 3168026, at *2 (D.N.J. Apr. 28, 2023) ("Without Plaintiff providing facts showing what sincerely held religious belief she holds that prevented her from complying with the COVID-19 Policies, Plaintiff fails to adequately allege a cognizable claim for religious discrimination"); *Meadows v. Lesh*, No. 1:10-cv-00223-JJM, 2010 WL 3730105, at *3 (W.D.N.Y. Sept. 17, 2010) ("at the pleading stage, the complaint must still assert sufficient allegations necessary to establish that plaintiff's claim is based upon a sincerely held religious belief.") (internal citations omitted in all).

10

[her] employer of the belief and conflict[.]" *Peterson*, 358 F.3d at 606. Although Plaintiff asserts she notified TPMG "of her need for religious accommodation to the COVID-19 vaccine" (Complaint, ¶ 50) and that she "responded in good faith to [TPMG's] request for additional information about her religious beliefs, and provided an explanation of her faith" (*id.*, ¶ 22), Plaintiff's actual submissions – which are documents incorporated by reference into the Complaint – demonstrate these conclusory allegations are inaccurate. Because demonstrably inaccurate allegations must be disregard (*see Lazy Y Ranch Ltd.*, 546 F.3d at 588), Plaintiff fails to establish the second element of a prima facie religious discrimination claim.

In her August 26, 2021 exemption request, which is incorporated by reference in Paragraph 17 of the Complaint, Plaintiff stated that the COVID-19 vaccine goes "directly against my belief that I am not to introduce foreign substances into my body temple that change how my Creator designed it. God created my body temple with an immune system, the mechanism to ward off disease, and there is need to inject a man-made substance in an effort to 'improve' my God given abilities." Strauss Decl., Ex. A at p. 1-2. Even so, Plaintiff admitted that she had never previously declined any other vaccine because of her alleged religious belief and failed to explain what makes the COVID-19 vaccine different from other vaccines she did not decline. *Id.* at p. 2. It is thus difficult to see how Plaintiff's August 26 exemption request provided TPMG with a factual basis upon which to conclude Plaintiff actually held a religious belief that prevented her from complying with the Kaiser Permanente COVID-19 Vaccination Policy.[4]

Furthermore, the purported "my body is a temple" belief against the COVID-19 vaccine Plaintiff stated in her exemption request is not religious, as a matter of law. Courts apply "the criteria identified in *Africa v. Pennsylvania*, 662 F.2d 1025 (3d Cir. 1981), and adopted by the Ninth Circuit in *Alvarado v. City of San Jose*, 94 F.3d 1223, 1229-30 (9th Cir. 1996) . . . in determining whether a set of beliefs is religious." *Birkes v. Mills*, No. 03:10-CV-00032-HU, 2011 WL 5117859, at *3 (D. Or. Sept. 28, 2011). *Africa*'s test focuses on three criteria to assist courts in evaluating whether a set of beliefs is religious:

---

[4]    In addition, the language of Plaintiff's August 26, 2021 exemption request closely mirrored phrasing from sources available on the internet providing text to submit in connection with requests for religious exemption from COVID-19 vaccine mandates, such as https://ca.childrenshealthdefense.org/wp-content/uploads/Drafting-a-Religious-Exemption-Ltr-webfinal.pdf and https://rtlofholland.org/wp-content/uploads/2021/11/Sample-vaccine-exemption-language.pdf.

1
2
3

> First, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters. Second, a religion is comprehensive in nature; it consists of a belief-system as opposed to an isolated teaching. Third, a religion often can be recognized by the presence of certain formal and external signs.

4   *Africa*, 662 F.2d at 1032. Courts assessing nearly identical "body temple" beliefs stated in requests for

5   religious exemptions from vaccine mandates have repeatedly determined in connection with 12(b)(6)

6   motions that such beliefs are not "religious" for purposes of religious discrimination claims.

7        For example, in *Fallon v. Mercy Catholic Medical Center of Southeast Pennsylvania*, 877 F.3d

8   487 (3d Cir. 2017), the Third Circuit evaluated dismissal of religious discrimination claims arising from

9   plaintiff's termination following refusal to receive the flu vaccine. In that case, Plaintiff's belief was that

10  "'one should not harm their [sic] own body and strongly believes that the flu vaccine may do more harm

11  than good.' He concludes that if he yielded to coercion and consented to the hospital mandatory policy,

12  he would violate his conscience as to what is right and what is wrong." *Id.,* at p. 492. The Third Circuit

13  held that dismissal of that plaintiff's religious discrimination claim was appropriate because the

14  plaintiff's purported religious belief failed to meet the first and third *Africa* factors.

15       District courts have reached similar conclusions when evaluating requests for exemptions from

16  COVID-19 vaccine mandates. In *Ellison v. Inova Health Care Services.*, No. 1:23-cv-00132

17  (MSN/LRV), 2023 WL 4627437, at *5-6 (E.D. Va. July 19, 2023), the court concluded that three

18  different "Body-as-a-Temple" religious exemption requests from a COVID-19 vaccine mandate were

19  properly dismissed because such requests failed to qualify as religious. In *Passarella v. Aspirus, Inc.*,

20  No. 22-CV-287-JDP, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023), the court concluded that

21  religious discrimination claims related to the plaintiff's assertion of a religious "right to bodily integrity"

22  stating that "her body is a temple of the Holy Spirit" were appropriately dismissed because plaintiff did

23  "not articulate any religious belief that would prevent her from taking the vaccine if she believed it was

24  safe." In *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 463 (M.D. Pa. 2022) and *Ulrich v.*

25  *Lancaster General. Health*, No. CV 22-4945, 2023 WL 2939585, at *1 (E.D. Pa. Apr. 13, 2023), courts

26  found that religious discrimination claims arising from mandatory COVID-19 testing were properly

27  dismissed when the plaintiffs based their claims on the beliefs that "I have faith in my own immune

28

system and the ability for my own body to heal itself" or "my body is a temple of the Holy Spirit and any medical interventions which I consider must comport with that fundamental religious belief."

Plaintiff's exemption request is remarkably analogous to those submitted in the above cases and thus similarly fails to establish a viable religious objection to the COVID-19 vaccine. In her exemption request, Plaintiff did not establish her purported belief was comprehensive in nature, as she specifically acknowledged she had never previously declined to receive any other vaccine because of her alleged religious belief. *See* Strauss Decl., Ex. A at p. 2. Plaintiff only asserted that the COVID-19 vaccine (and apparently only the COVID-19 vaccine, not any other vaccine or substance) "go directly against my belief that I am not to introduce foreign substances into my body temple[.]" *Id.* Moreover, Plaintiff's exemption request gave TPMG absolutely no basis upon which ascertain whether Plaintiff's alleged objection to the COVID-19 vaccine was part of a belief-system as opposed to an isolated teaching. *Id.* For these reasons, it cannot be said that Plaintiff's exemption request adequately informed TPMG of her religious belief and the nature of the conflict between that alleged belief and the Kaiser Permanente COVID-19 Vaccination Policy.

Moreover, when Plaintiff was given a second opportunity to provide TPMG with a factual foundation establishing her alleged religious belief, she explicitly refused to engage in the process. On October 21, 2021, TPMG sent Plaintiff a series of follow-up questions to clarify the scope of her alleged religious objection to the Kaiser Permanente COVID-19 Vaccination Policy. *See* Strauss Decl., Ex. D; Complaint, ¶ 20. Although Plaintiff now asserts these questions were improper because TPMG purportedly "lacked an objective basis to question the sincerity of [Plaintiff's] belief" (Complaint, ¶ 26), the follow-up questions were absolutely necessary given the significant issues with Plaintiff's original exemption request (*see* Strauss Decl., Ex. A) and problems TPMG was seeing with requests for religious exemptions in general (*see id.,* Ex. C). Instead of engaging in this process, Plaintiff's submitted responses to the follow-up questions consisting of (1) generalities, (2) arguments regarding the relevance of questions, and (3) outright refusals to answer. *See, e.g.,* Strauss Decl., Ex. E (Plaintiff provided no response to question asking her to "resubmit your request for accommodation in your own words without using template or stock language from the internet or other sources"); Complaint, ¶ 20 (Plaintiff "refused to answer several of these questions regarding them as intrusive and a violation of privacy.").

The EEOC specifically cautions that "[a]n employee who fails to cooperate with an employer's reasonable requests for verification of the sincerity or religious nature of a professed belief, practice, or observance risks losing any subsequent claim that the employer improperly denied an accommodation." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws. Plaintiff's express and explicit refusal to cooperate with the reasonable request for supplemental information regarding the facts underlying her request for a religious exemption from the Kaiser Permanente COVID-19 Vaccination Policy provide a legal basis for dismissal of any subsequent claim that Plaintiff's exemption request was improperly denied.[5] Plaintiff's inability to establish she informed TPMG of her alleged religious belief is a separate and independent reason for dismissal of the Second, Fourth, Sixth and Eighth Causes of Action.

## C. The First and Fifth Causes of Action for Disparate Treatment Must be Dismissed Because the Complaint Does Not Allege Facts Establishing Differing Treatment Outside Plaintiff's Protected Class or Discriminatory Intent

"Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). "To establish a prima facie case of disparate treatment under Title VII, a plaintiff must provide evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Disparate treatment claims follow the *McDonnell Douglas* framework in that a plaintiff bears the initial burden of showing: "(1) [s]he is a member of a protected class, (2) [s]he was performing his job in a satisfactory manner, (3) [s]he suffered an adverse employment decision, and (4) [s]he was treated differently than similarly situated persons outside [her] protected class." *Clark v. Frank*, 5 F.3d 535 (9th Cir. 1993) (citing *McDonnell Douglas Corp. v. Green*,

---

[5]    *See E.E.O.C. v. Papin Enters., Inc.*, No. 6:07-cv-01548-JA-KRS, 2009 WL 2256023, at *4 (M.D. Fla. July 28, 2009) ("The EEOC's own publications acknowledge that some inquiry into the sincerity of an employee's belief as well as into the religious nature of the belief is appropriate. Indeed, if the rule were otherwise, an employer would have to grant an accommodation any time an employee requested one, even if there were not a sincerely-held religious belief but instead only a purely personal or stylistic preference"); *Cary v. Carmichael*, 908 F. Supp. 1334, 1346 (E.D. Va. 1995) (summary judgment on religious discrimination claim appropriate because plaintiff did not give defendant sufficient information to comprehend the nature of plaintiff's religious objections).

411 U.S. 792, 802 (1973)). Additionally, when a plaintiff challenges a facially neutral policy, he or she must establish that the defendant had a discriminatory intent for taking the job-related action. *See Wood*, 678 F. 3d at 1081; *Freyd v. University of Or.*, 990 F.3d 1211, 1228 (9th Cir. 2021) ("disparate treatment theory does require proof of discriminatory intent."). The requirements to establish a disparate treatment claim under FEHA are identical. *See Schlitt v. Abercrombie & Fitch Stores, Inc.,* No. 15-CV-01369-WHO, 2016 WL 2902233, at *9 (N.D. Cal. May 13, 2016); *Stanley v. California,* No. 1:11-CV-00981-LJO, 2012 WL 6608574, at *6 (E.D. Cal. Dec. 18, 2012).

The Complaint's First and Fifth Causes of Action asserting disparate treatment claims under Title VII and FEHA must be dismissed because Plaintiff fails to allege facts establishing (1) she was treated differently than similarly situated persons outside her protected class, or (2) discriminatory intent by TPMG. As to the first element, Plaintiff alleges that she "was a member of a protected class based on her religion as broadly defined to include both religious beliefs and practices. She is Christian." Complaint, ¶ 34. The Complaint does not, however, advance any facts establishing that Plaintiff's request for an exemption from the Kaiser Permanente COVID-19 Vaccination Policy was treated any differently than similarly situated persons who are not Christian. In fact, the only factual allegation advanced in the Complaint regarding TPMG's alleged treatment of any other person is that TPMG granted the religious exemption request of Plaintiff's co-worker, who is also Christian. *See* Complaint, ¶ 24 ("Alicia Okoh, a Seventh-day Adventist, also requested religious accommodation" which "was approved."). Because there is not even a suggestion in the Complaint that as a Christian, Plaintiff was treated differently than non-Christians with respect to the terms and conditions of her employment, the Complaint's disparate treatment claims will not stand.[6]

Even if Plaintiff were to narrow her protected class from "Christian" to "Christian Jew" or "Jewish Christian" (Complaint, ¶¶ 1, 34, 79), the Complaint still fails to advance any facts establishing

---

[6]    *See Varkonyi v. United Launch Alliance,, LLC*, No. 2:23-CV-00359-SB-MRW, 2023 WL 4291649, at *3 (C.D. Cal. May 12, 2023) (Disparate treatment claim based on denial of a request for religious exemption from COVID-19 vaccine mandate dismissed because "Plaintiff does not provide any allegations that support the existence of direct evidence of discrimination and has not alleged that similarly situated non-Christian or nonreligious individuals were treated more favorably than he was."); *Gage*, 2023 WL 3230986, at *2 (Disparate treatment claim based on denial of a request for religious exemption from COVID-19 vaccine mandate dismissed because the Complaint did not "allege facts showing that similarly situated individuals outside of her protected class were treated more favorably.")

15

differing treatment of any similarly situated persons outside of Plaintiff's protected class. To establish individuals are similarly situated, it is not enough for employees to be in similar employment positions; rather, the plaintiff and the comparator employee must be "similarly situated . . . in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Employees are thus similarly situated if they have "similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Here, while Plaintiff alleges that Ms. Okoh is a "co-worker" who was treated differently from Plaintiff when her exemption request was approved (Complaint, ¶ 24), Plaintiff advances no facts establishing that Plaintiff and Ms. Okoh were similarly situated "in all material respects." *Moran*, 447 F.3d at 755. Even if Ms. Okoh was found to be a person outside Plaintiff's alleged protected class (she is not, as they are both Christian), the Complaint thus still fails to advance facts establishing Plaintiff and Ms. Okoh were similarly situated.

The Complaint also fails to allege facts establishing discriminatory intent. As stated in the Complaint, the Kaiser Permanente COVID-19 Vaccination Policy was facially neutral because it applied to "all employees" who were "required to provide proof of fully vaccinated status or have an approved exemption by September 30, 2021." Complaint, ¶¶ 14, 15. Although the Complaint advances the legal conclusion that TPMG's alleged actions were purportedly "despicable . . . malicious . . . and were committed with an improper and evil motive to injure Plaintiff" (Complaint, ¶ 55), nowhere does Plaintiff allege facts which could establish that TPMG implemented the Kaiser Permanente COVID-19 Vaccination Policy with the intent to discriminate against Christians in general or Plaintiff in particular. The Complaint's failure to allege such facts is fatal to its disparate treatment causes of action. *See, e.g., Varkonyi*, 2023 WL 4291649, at *3 ("without any allegations to support the conclusion that Defendant exhibited religious bias, the FAC fails to state a claim for unlawful termination on the basis of religion. Rather, the allegations in the FAC support the conclusion that Plaintiff's termination was due to Plaintiff's failure to comply with Defendant's uniformly applied vaccination policy.").

/ / /

/ / /

/ / /

/ / /

D.    **The Third and Seventh Causes of Action for Retaliation Must be Dismissed Because the Complaint Has Not Alleged and Cannot Allege a Causal Link Between Plaintiff's Request for a Religious Accommodation and Termination of Her Employment**

Finally, the Complaint's Third and Seventh Causes of Action for retaliation must be dismissed because the Complaint fails to allege facts establishing a causal relationship between the protected activity alleged, namely "requesting religious accommodation not to receive the COVID-19 vaccine" (Complaint, ¶¶ 59, 103), and termination of Plaintiff's employment. To state a prima facie claim for retaliation under Title VII, Plaintiff must allege facts establishing "(1) [s]he engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *see Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1176 (C.D. Cal. 2013). Stating a prima facie retaliation claim under FEHA requires facts establishing the same elements. *See Klein v. Walt Disney Co.*, No. CV 13-01358 PSG (DTBx), 2014 WL 12587046, at *5 (C.D. Cal. June 6, 2014).

Here, Plaintiff alleges that the protected activity at issue in her retaliation claim is "requesting religious accommodation not to receive the COVID-19 vaccine." Complaint, ¶¶ 59, 103. The Complaint then advances the legal conclusion that TPMG allegedly "terminated [Plaintiff's] employment in retaliation for seeking religious accommodation." *Id.*, ¶¶ 62, 106. Actual facts alleged in the Complaint, however, unequivocally demonstrate that is not the case.

Plaintiff alleges in the Complaint that, in August 2021 TPMG "mandated all employees to be vaccinated for COVID-19" and pursuant to that policy, employees "were required to provide proof of fully vaccinated status or have an approved exemption" or face termination. Complaint, ¶¶ 14, 15. "In or about late August 2021, [Plaintiff] requested a religious accommodation to [TPMG's] COVID-19 vaccine mandate" and, in an email dated November 30, 2021, "rejected [Plaintiff's] religious accommodation request[.]" *Id.*, ¶¶ 17, 22. "On or about December 5, 2022, [TPMG] placed [Plaintiff on unpaid administrative leave *because of her refusal to obtain the vaccine*." *Id.*, ¶ 30 (emphasis added). "On or about January 10, 2022, [TPMG] terminated Plaintiff from her position[.]" *Id.*, ¶ 31.

As these allegations establish, Plaintiff employment by TPMG was not terminated because she "request[ed] religious accommodation" from its COVID-19 vaccination policy. Complaint, ¶¶ 59, 103.

17

Instead, Plaintiff was terminated because she failed to either "provide proof of fully vaccinated status or have an approved exemption" by the specified deadline in violation of the Kaiser Permanente COVID-19 Vaccination Policy. *Id.,* ¶ 15. Plaintiff has not alleged and cannot allege a causal link between "seeking religious accommodation" from the Kaiser Permanente COVID-19 Vaccination Policy and termination of her employment because the act of "seeking religious accommodation" has absolutely no causal link with Plaintiff's termination, both in-fact and according to the allegations of the Complaint. The but-for cause of Plaintiff's termination was her failure to "provide proof of fully vaccinated status or have an approved exemption," in violation of the Kaiser Permanente COVID-19 Vaccination Policy. Complaint, ¶ 15. Because the Complaint does not allege this was a protected activity, Plaintiff's claims for retaliation under Title VII and FEHA must be dismissed.

## V.     CONCLUSION

For all of the foregoing reasons, TPMG respectfully requests that the Complaint be dismissed in its entirety.

DATED: August 29, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By:    *Sean T. Strauss*
        Christian J. Rowley
        Sean T. Strauss
        Galen P. Sallomi

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.