UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI WEISS,<br><br>          Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.,<br><br>          Defendant. | Case No. 23-cv-03490-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**I. INTRODUCTION**

This is a religious accommodation and wrongful termination suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and California Fair Employment and Housing Act, California Government Code 12940 ("FEHA"). Plaintiff Mimi Weiss ("Weiss") avers that Defendant, The Permanente Medical Group ("TPMG"), violated her rights when it terminated her for refusing to take the COVID-19 vaccine on religious grounds. In the First Amended Complaint ("FAC"), Weiss brings eight claims for relief: (1) religious discrimination – disparate treatment, in violation of Title VII, (2) failure to provide religious accommodation, in violation of Title VII, (3) retaliation, in violation of Title VII, (4) religious coercion – harassment, in violation of Title VII, (5) religious discrimination – disparate treatment, in violation of FEHA, (6) religious discrimination – failure to accommodate, in violation of FEHA, (7) retaliation, in violation of FEHA, and (8) failure to prevent discrimination and harassment, in violation of FEHA. TPMG now moves to dismiss the first, third, fifth, and seventh claims brought by Weiss. For the reasons discussed below, this motion is granted. This motion is suitable for disposition without oral

1  argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for December 14, 2023 is
2  vacated.

## II. BACKGROUND

Weiss worked for TPMG from 2000 to January 10, 2022, except for a brief period between December 2015 and April 2017. When TPMG terminated her employment, Weiss's job title was Managerial Senior Consultant with the Regional Department, Health Engagement Consulting Services. In August 2021, TPMG required all employees to be vaccinated for COVID-19. The Kaiser Permanente Vaccination Policy ("the Policy") mandated TPMG employees to provide proof of full vaccination or have an approved exemption by September 30, 2021, or else they would be placed on an unpaid leave of 60 days to come into compliance. If an employee failed to achieve compliance by the end of the 60 days, their employment would be terminated. On January 10, 2022, Weiss was terminated for failing to comply with the Policy.

Weiss, who identifies as a "Christian Jew," asserts that her religious beliefs prevent her from taking the COVID-19 vaccine as she is not allowed to accept foreign materials into her body. Weiss submitted an exemption request to TPMG in or around late August 2021 that stated as such, and requested she be exempted from taking the COVID-19 vaccine in violation of her religious beliefs. Her request was provisionally granted by TPMG on August 30, 2021. A few weeks later, on September 21, 2021, TPMG informed Weiss that it was conducting further review of the exemption request because it seemed that many employees submitted similar or identical requests with language taken verbatim from free and paid templates available on the internet. TPMG also claimed to observe discussion between Kaiser Permanente employees in internet chat rooms exchanging strategies to avoid the vaccine mandate, including by sending language to use in the exemption requests that would create the appearance of a legitimate religious exemption.

On October 21, 2021, TPMG informed Weiss that additional information was needed from her to evaluate her exemption request. Weiss refused to answer several questions, regarding them as intrusive and a violation of privacy. Her exemption request was denied on November 30, 2021. Weiss attempted to reach out to TPMG employees to discuss this denial, but was unable to

meet with anyone in person, via phone, or by video conference. She was placed on unpaid leave from employment starting on December 5, 2021. Weiss was terminated on January 10, 2022 for failing to meet the terms of the Policy.

### III. LEGAL STANDARD

A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the complaint. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

### IV. DISCUSSION

**i.    First and Fifth Claims: Disparate Treatment under Title VII and FEHA**

TPMG argues that Weiss's first and fifth claims for relief must be dismissed because Weiss fails plausibly to allege that Weiss was treated disparately from her colleagues at TPMG. Title VII and FEHA prohibit an employer from discriminating against an employee on the basis of

his or her religion. 42 U.S.C. § 2000e-2(a)(1); Cal. Gov. Code. § 12940(a). The same test applies to claims alleging disparate treatment under either statute. *See Guz v. Bechtel Nat. Inc*., 24 Cal.4th 317, 354 (2000). "Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). Additionally, when an employee challenges an employee practice that is facially neutral, she must show that the employer had discriminatory intent. *Wood*, 678 F.3d 1075 at 1081.

To establish a prima facie face of disparate treatment, a plaintiff must provide evidence giving rise to an inference of unlawful discrimination. *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (internal citation omitted). A plaintiff may provide direct or circumstantial evidence to establish a prima facie case for unlawful discrimination, but if direct evidence is not available, a plaintiff may rely on the burden-shifting test established by the United States Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) ("*McDonnell Douglas*"). *See Borja-Valdes v. City and Cty. Of San Francisco*, No. 3:14–cv–04168–CRB, 2015 WL 5522287 at *3 (N.D. Cal. Sept. 18, 2015). To establish a prima facie case of discrimination per *McDonnell Douglas*, a plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs*., 225 F.3d 1115, 1123 (9th Cir. 2000). This shifts the burden of production on the employer to "articulate some legitimate, nondiscriminatory reason for the challenged action." *Id*. at 1123-24. Plaintiff's prima facie case is "an evidentiary standard, not a pleading requirement" and failure to plead the *McDonnell Douglas* factors do not warrant dismissal at the outset. *Edwards v. Marin Park, Inc*. 356 F.3d 1058, 1062 (9th Cir. 2004) (internal quotes omitted). A complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." *Id*. at 1061 (quoting Fed. R. Civ. Pro. 8(a)(2)).

Weiss argues that she was subject to treatment disparate to those similarly situated because she was terminated from her position on the basis of her religion. Conversely, TPMG argues that Weiss failed to provide facts establishing that she was either treated differently than similarly

ORDER GRANTING MOTION TO DISMISS
CASE NO. 23-cv-03490-RS
4

situated persons outside her protected class, or that TPMG acted with discriminatory intent.

A. "Similarly situated"

TPMG first argues that Weiss fails to establish that an individual similarly situated to her and outside of her protected class was treated more favorably. In her complaint, Weiss pointed to her colleague, Alicia Okoh, a Seventh Day Adventist who had her exemption request approved, as evidence of disparate treatment. TPMG contends that Weiss failed to establish Okoh was similarly situated in all material aspects, i.e. that they have "similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Therefore, per TPMG, Weiss's allegation of disparate treatment must fail.

TPMG is correct that Weiss does not, in her complaint, provide sufficient facts to show that Okoh and Weiss shared job responsibilities or engaged in similar conduct in the employment context. While the Policy—its purpose and its procedures—applied to all employees at TPMG uniformly, and in that respect, Weiss and Okoh were similarly situated, that is insufficient to show disparate treatment. By Weiss' own admission, Okoh's exemption request constituted different language from Weiss's, and she has failed to show that Okoh's was granted and Weiss's was denied due to their differing religious beliefs. Other than the fact that Okoh and Weiss are coworkers, Weiss has further failed to provide sufficient facts showing they are similarly situated. *See McDaniels v. Grp. Health Co-op.*, 57 F. Supp. 3d 1300, 1311 (W.D. Wash.) ("the Ninth Circuit looks to factors such as whether the proposed comparator and the plaintiff were subject to the same policies, worked at the same jobs, committed similar violations, and had similar disciplinary records"). Weiss contends that two thirds of approximately 25,000 exemption requests filed by 16,000 discrete employees were approved, however, this general figure also fails to provide insight as to whether those employees were similarly situated to her.

Weiss argues that even if Okoh is not similarly situated to her, she has averred sufficient "other circumstances surrounding the adverse employment action [that] give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004). To support her argument, she points to the fact that she reached out to different TPMG employees regarding

her request denial and an appeals process, and their refusal to respond to her constituted "other circumstances" that give rise to an inference of discrimination. However, Weiss is incorrect that the employees' refusal to respond is a qualifying circumstance giving rise to such an inference. Moreover, TPMG did seemingly give Weiss a supplementary process to provide more information about her request by following up with her and seeking additional answers, so they were under no obligation to continue the conversation with her after she had been given and declined an opportunity to do so.

B.  Discriminatory intent

TPMG further argues that Weiss's disparate treatment claims should be dismissed as she has failed to show that TPMG acted with discriminatory intent in applying the Policy. "A discriminatory motive may be established by the employer's informal decisionmaking or 'a formal, facially discriminatory policy,' but 'liability depends on whether the protected trait . . . actually motivated the employer's decision.'" *Wood*, 678 F.3d at 1081 (9th Cir. 2012) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)). The Policy was facially neutral in that all employees were mandated to take the COVID-19 vaccine by a certain date, regardless of their religious identity, unless an exemption request was granted. Weiss argues that TPMG acted with discriminatory motive when it denied her exemption request because they did so on the basis of her religion. She insists that while the Policy itself was facially neutral, its application was not, and TPMG's decision to "grant[] religious accommodations to many, deny[] them to others" was evidence of discriminatory intent. Opp. at 8. However, she pleads no facts that reflect the policy was implemented to discriminate against "Christian Jews." Nor has Weiss demonstrated her termination from employment was other than the application of a uniform vaccination policy. Her argument that Okoh and two thirds of the religious applicants were treated better than she was similarly does not reflect that TPMG acted with a discriminatory motive in terminating her employment.

**ii.     Third and Seventh Claims: Retaliation under Title VII and FEHA**

TPMG next argues that Weiss's third and seventh claims for relief must be dismissed because she has failed to aver facts establishing a relationship between Weiss's exemption request

and her termination. Title VII and FEHA prohibit an employer from retaliating against an employee who engages in a protected activity, which here is Weiss's exemption request from the Policy on the basis of her religious beliefs. To state a prima facie case of retaliation per Title VII and FEHA, a plaintiff must show that, "(1) [s]he engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *see also Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 380 (2015). Weiss avers that TPMG retaliated against her by terminating her employment because she "requested a religious accommodation not to receive the COVID-19 vaccine." FAC ¶ 83.

The parties agree that Weiss engaged in a protected activity when she sought an exemption to the Policy on the basis of her religious identity. They also agree that she faced an adverse action by TPMG when she was terminated from employment. However, TPMG correctly points out that the final factor, the causal link between the protected activity and adverse action, is lacking in Weiss's FAC. In particular, Weiss fails to provide sufficient facts establishing that she was terminated as a result of her exemption request and not because she failed to comply with the Policy, which clearly mandated all employees be vaccinated unless an exemption is granted, otherwise they would be terminated from employment. Indeed, the facts Weiss provides in the FAC suggest that she was terminated after her exemption request was denied, followed by no efforts on her part to come into compliance. This is insufficient for a retaliation claim, and therefore these claims must be dismissed.

## V. CONCLUSION

For the reasons above, TPMG's motion to dismiss is granted. The first, third, fifth, and seventh claims for relief in Weiss's FAC are hereby dismissed with leave to amend.

**IT IS SO ORDERED**.

Dated: December 4, 2023

_____

RICHARD SEEBORG
Chief United States District Judge

ORDER GRANTING MOTION TO DISMISS
CASE NO. 23-cv-03490-RS