UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI WEISS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.,<br><br>        Defendant. | Case No. 23-cv-03490-RS<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

Plaintiff Mimi Weiss ("Weiss") brought this action against her former employer, The Permanente Medical Group ("TPMG") under Title VII of the Civil Rights Act of 1964 ("Title VII" and the California Fair Employment and Housing Act, California Government Code 12940 ("FEHA"). In the First Amended Complaint ("FAC"), Weiss brought eight claims, broadly averring that TPMG failed to accommodate her religious beliefs and wrongfully terminated her for not coming into compliance with The Kaiser Permanente Vaccination Policy ("the Policy"). Claims 1, 3, 5, and 7 of the FAC were dismissed on December 4, 2023. Pending now is TPMG's motion for judgment on the remaining pleadings. Both parties have also filed requests for judicial notice. For the reasons herein, the motion for judgment on the pleadings is granted.

## II. BACKGROUND

After TPMG filed the instant motion, the parties stipulated to dismiss with prejudice Claim 4—religious coercion – harassment, in violation of Title VII—from the FAC. The following three claims remain in the FAC and are the subject of TPMG's motion for judgment on the pleadings:

(2) failure to provide religious accommodation, in violation of Title VII; (6) religious discrimination – failure to accommodate, in violation of FEHA; and (8) failure to prevent discrimination and harassment, in violation of FEHA.

The factual background of this case was previously discussed at length in the order granting TPMG's motion to dismiss. *See* Dkt. 23. In brief, Weiss worked for TPMG until 2022, when she was terminated from employment for failing to come into compliance with TPMG's internal COVID-19 requirements. In response to the COVID-19 pandemic, TPMG instituted the Policy, which mandated employees provide proof of full COVID-19 vaccination or have an approved exemption by September 30, 2021. An employee who failed to comply by that date would be placed on unpaid leave for 60 days. If the employee was still non-compliant with the Policy at the conclusion of that period, the employee would be terminated. Weiss sought an exemption from the COVID-19 vaccination requirement, indicating that her religious beliefs prohibited the insertion of foreign materials into her body. Weiss's exemption request specifically stated, *inter alia*:

> The COVID-19 vaccines go directly against my belief that I am not to introduce foreign substances into my body temple that change how my Creator designed it. God created my body temple with an immune system, the mechanism to ward off disease, and there is need [*sic*] to inject a man-made substance in an effort to "improve" my God given abilities.

Dkt. 43, Exh. A. Initially, TPMG provisionally granted Weiss's exemption request, but, upon further review of her responses and after learning that she (and other TPMG employees) had made identical or substantially similar requests by pulling language from templates available online, asked Weiss to provide additional information to clarify the conflicts between their religious beliefs and the Policy. In the second round of questions, TPMG "asked that employees restate their religious accommodation requests in their own words" and provide further clarification on their religious beliefs so that the employer would be better equipped to evaluate whether an accommodation was warranted. FAC ¶ 26. Weiss either refused to answer or provided vague and generic responses, objecting to the information sought by TPMG as unduly intrusive. As a result,

her exemption request was denied on November 30, 2021. Pursuant to the Policy, Weiss was then placed on unpaid leave on December 5, 2021, and was terminated from employment on January 10, 2022 for failing to come into compliance with the Policy. She filed this action against her former employer in July of 2023. TPMG now moves on the basis that the pleadings in the FAC fail to establish facts to show any liability on TPMG's part.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings close but "early enough not to delay trial." A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true," there is no genuine issue of material fact in dispute and the movant is entitled to judgment as a matter of law. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citation omitted); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## IV. DISCUSSION

**A. Motion for Judgment on the Pleadings: Claims 2, 6, and 8**

In Weiss's second and sixth claims, she avers that TPMG failed to accommodate her religious beliefs in violation of Title VII and FEHA, respectively. 42 U.S.C. § 2000e-2(a)(1); Cal. Gov. Code. § 12940(a). Both Title VII and FEHA "require employers to accommodate [an employee's] religious beliefs unless doing so would pose an undue hardship." *Bolden-Hardge v. Off. of Calif. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). These claims are analyzed under a two-step, burden-shifting framework:[1] first, the employee must plead a prima facie case of failure to accommodate religion; second, if the employee succeeds, the burden shifts to the employer to "show either that it initiated good faith efforts to accommodate reasonably the

---

[1] The Ninth Circuit has noted that "FEHA is interpreted consistently with Title VII" so the federal and state law claims are analyzed uniformly. *See Ambat v. City & Cnty. of S.F.*, 757 F.3d 1017, 1023 n.2 (9th Cir. 2014).

1 employee's religious practices or that it could not reasonably accommodate the employee without
2 undue hardship." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999)
3 (internal citation omitted).

4 To establish a prima facie case of failure to accommodate, a plaintiff must show that "(1)
5 [s]he had a bona fide religious belief, the practice of which conflicted with an employment duty;
6 (2) [s]he informed [her] employer of the belief and conflict; and (3) the employer threatened [her]
7 or subjected [her] to discriminatory treatment, including discharge, because of [her] inability to
8 fulfill the job requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993). TPMG
9 does not argue that it initiated good faith efforts to accommodate Weiss or was otherwise unable to
10 due to some undue hardship. Instead, TPMG bases its motion on the notion that Weiss has failed
11 to plead a prima facie failure-to-accommodate claim.

12 As an initial matter, Weiss argues that she is being held to a heightened pleading standard
13 by being required to plead a prima facie case at this juncture. In support, Weiss invokes
14 *Swierkiewicz v. Sorema N.A.*, a pre-*Twombly* and *Iqbal* case in which the Supreme Court held that
15 "an employment discrimination plaintiff need not plead a prima facie case of discrimination." 534
16 U.S. 506, 515 (2002); *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*,
17 556 U.S. 662 (2009). A complaint must, however, advance specific averments to show that the
18 plaintiff is plausibly entitled to relief. Weiss need not prove her case at this juncture, but she must
19 plead enough facts to satisfy the underlying elements of a failure-to-accommodate claim. Fed. R.
20 Civ. P. 8(a).

21 TPMG's primary argument is that it was unable to determine that Weiss held a bona fide
22 religious belief prohibiting her from accepting the COVID-19 vaccine because Weiss failed to
23 provide it with notice about the conflict between her beliefs and the Policy. In particular, TPMG
24 characterizes both Weiss's initial exemption request and her responses to TPMG's six follow up
25 questions as bereft of adequate information such that it had no factual basis to conclude that she
26 had a bona fide religious belief that conflicted with the Policy.

27   i.   Bona Fide Religious Belief

1  TPMG first suggests that Weiss fails to aver a viable religious belief. The Supreme Court
2  and the Ninth Circuit have cautioned against opining on the reasonableness of an individual's
3  asserted religious belief, explaining that a court should avoid "second-guessing the reasonableness
4  of an individual's assertion that a requirement burdens her religious beliefs." *Bolden-Hardge*, 63
5  F.4th at 1223. Instead, the "narrow function" of the court in this instance is to determine whether
6  the espoused belief represents an "honest conviction." *Id*. (internal citation and quotations
7  omitted). Here, Weiss's initial exemption request to TPMG, incorporated by reference herein,[2]
8  stated that Weiss, a "Christian Jew," was prohibited "from accepting foreign material into [her]
9  bod[y]." The reasonableness of Weiss's religious beliefs concerning the COVID-19 vaccine is not
10 up for exploration, and whether her asserted beliefs are otherwise insincere is a factual question
11 about her credibility, the determination of which would be improper at this juncture.

12      ii.    Notice to TPMG

13 The bulk of TPMG's motion rests on the argument that Weiss failed to inform TPMG
14 adequately about the nature of Weiss's religious beliefs and their conflict with her employment
15 duties. An employee seeking an accommodation need only provide "enough information…to
16 permit the employer to understand the existence of a conflict between the employee's religious
17 practices and the employer's job requirements." *Heller*, 8 F.3d at 1439; *see also Redmond v. GAF*
18 *Corp.*, 574 F.2d 897, 902 (7th Cir. 1978) ("The employee has the duty of informing [her]
19 employer of [her] religious needs so that the employer has notice of the conflict"). "Any greater
20 notice requirement would permit an employer to delve into the religious practices of an employee
21 in order to determine whether religion mandates the employee's adherence," and if a court may
22 not do so, neither may the employer. *Heller*, 8 F.3d at 1439 (invoking *Fowler v. Rhode Island*, 345
23 U.S. 67, 70 (1953), which held that, in a First Amendment context, a court may not determine

---

[2] A document may be incorporated by reference where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Since a 12(b)(6) motion is analogous to a 12(c) motion, this rule is applicable here, where these conditions are met. As a result, Weiss's exemption request will be incorporated by reference.

whether a particular religious practice is required by the religion). The employee must, however, relay sufficient information about the conflict between the religious belief and the employer's practice or policy, not simply the employee's desired accommodation, in order for an employer to ensure it has met its obligations under both FEHA and Title VII.

The parties primarily contest the adequacy of Weiss's notice to TPMG regarding the conflict between her religious beliefs and the Policy, which, in turn, informs whether it was reasonable for TPMG to seek additional information from Weiss after the initial exemption request. TPMG contends that the initial exemption request, in which Weiss explained that her beliefs prohibited her from receiving the COVID-19 vaccine, provided a basis for it to seek additional information from Weiss regarding her religious beliefs. In the initial submission, Weiss stated that the COVID-19 vaccine went "directly against [her] belief" to abstain from accepting "foreign substances into [her] body temple that change how [her] Creator designed it." TPMG's Motion for Judgment on the Pleadings ("TPMG's Mot."), Exh. A. Weiss also admitted to never having declined a vaccine due to her religious beliefs. When asked what makes the COVID-19 vaccine different from others, Weiss provided no direct response, and instead shared that her religious views had changed in recent months such that she had "recommitted to [her Jewish roots and … accepted Jesus Christ as the messiah." *Id*. Weiss's generic explanations amounted to the kind of "blanket privilege" that would have resulted in a "limitless excuse for avoiding all unwanted obligations" and provided little basis for TPMG to evaluate the extent of her religious beliefs' potential conflict with the Policy. *See Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465-66 (M.D. Pa. 2022) Instead of outright denying her request, however, TPMG provided Weiss with another opportunity to provide further information regarding the purported conflict.

Following that initial submission, TPMG sent Weiss an email with six follow up questions asking for clarity on the scope of her objections to the Policy to help it ascertain whether Weiss's exemption request constituted a religious belief or an isolated teaching.[3] The United States Equal

---

[3] The follow up questions are also incorporated by reference herein. *See* TPMG's Mot., Exh. E.

Employment Opportunity Commission ("EEOC") provides guidance on this very practice:

> Where the accommodation request itself does not provide enough information to enable the employer to make a determination, and the employer has a bona fide doubt as to the basis for the accommodation request, it is entitled to make a limited inquiry into the facts and circumstances of the employee's claim that the belief or practice at issue is religious and sincerely held, and that the belief or practice gives rise to the need for the accommodation.

EEOC, *Compliance Manual on Religious Discrimination*, § 12-IV(A)(2) (Jan. 15, 2021). In the follow up questions, Weiss was asked whether she had taken medication that differed from the COVID-19 vaccine, and, if so, why she had been willing to accept other medication but raised objections to the COVID-19 vaccine. She was also asked whether her religious beliefs prohibited her from accepting other substances into her body, as well as how her beliefs emerged in other aspects of her life. Finally, TPMG requested that Weiss resubmit her request for accommodation in her "own words without using template or stock language from the internet or other sources."

Weiss either refused to answer each of TPMG's follow up questions or provided vague and generic responses. She asserted that her religion prohibited her from accepting "any chemicals/substances that would be unclear as guidance from my Creator," and that her religious beliefs "inform[ed] all meaning and purpose" in her life. TPMG's Mot., Exh. E. When asked whether she currently takes or has ever taken medication of any kind, she provided a nonresponse, asserting that the question impermissibly intruded on her private medical information and history. She also objected to the relevance of the question asking her why her beliefs prevented her from accepting the COVID-19 vaccine but no other medications. Pertinently, she failed even to provide a response to TPMG's request for Weiss to restate, in her own words, her initial accommodation request.

It is difficult to see TPMG's follow up questions to the initial exemption request as anything other than an appeal for clarity about the conflict between Weiss's newfound beliefs and the Policy. Weiss's initial exemption request consisted of only general objections to the COVID-19 vaccine. Pursuant to EEOC guidance, TPMG was well within its rights as the employer seeking to implement a uniform policy across its employees to inquire narrowly into Weiss's beliefs and

1   any conflicts with the Policy. The follow up questions were designed to ensure TPMG's

2   compliance with the law and were not, as Weiss suggests, unduly intrusive. Indeed, the

3   questionnaire specifically highlighted that Weiss was not being asked to divulge what medications

4   she took or why she took them, but to explain the distinctions between the COVID-19 vaccine and

5   other medications, and this comports with the kind of permissible "limited inquiry" advised by the

6   EEOC.

7   Even accepting that the bulk of TPMG's questions were intrusive, however, Weiss has

8   failed to explain why the question asking her to restate her exemption request in her own words

9   should be similarly interpreted. That question simply asked Weiss to clarify a response she had

10  already provided in the initial request and was neither "intrusive" nor "irrelevant" as Weiss

11  contends. That the initial request contained language from online sources almost verbatim is

12  inapposite. Weiss is correct that this fact alone does not provide a basis to question the sincerity of

13  her belief, and TPMG is not claiming that it does so. Rather, Weiss's unclear, generic, and vague

14  responses in her initial exemption request served as a basis for TPMG to seek clarity on the very

15  responses she had already provided, regardless of whether they were adopted from online sources.

16  It is unclear why asking a question already answered is any more invasive the second time around.

17  Weiss has therefore failed to aver plausibly that she adequately informed TPMG of the conflict

18  between her religious beliefs and the Policy, and judgment is accordingly warranted for TPMG on

19  Weiss's second and sixth claims.[4]

20  TPMG moves for judgment on Weiss's eighth claim, for failure to prevent discrimination

21  and harassment under FEHA, on the basis that this claim is entirely dependent on the viability of

22  Weiss's other claims. Indeed, an employee cannot seek to hold an employer liable for failing to

23  prevent discrimination that did not happen. *See Trujillo v. North County Transit Dist.*, 63 Cal.

24  App. 4th 280, 284 (1998). Since judgment on Weiss's second and sixth claim is granted for

---

[4] TPMG's motion does not address the third element for a prima facie failure-to-accommodate claim under *Heller*, so it need not be addressed here. *See* 8 F.3d at 1438.

TPMG, the motion is also granted as to Weiss's eighth claim.

## B. Requests for Judicial Notice

Both parties file requests for judicial notice. TPMG's requests consist of forms utilized by the United States Department of Homeland Security, Agriculture, and Commerce (Exhibit G-I) and the EEOC Religious Accommodation Form (Exhibit J).[5] Weiss has filed three successive requests for judicial notice, each of which contain California and federal court decisions in support of her opposition.

Rule 201 permits judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts that may be judicially noticed generally include court filings or matters of public record, including "records and reports of administrative bodies." *See Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961 (C.D. Cal. 2015) (quoting *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008)). To that end, TPMG's request for judicial notice, which asks the court to notice public records by administrative agencies, is granted. By contrast, Weiss offers no explanation for why judicial notice should be taken of the court decisions that she could have relied on in her opposition to support her argument. Weiss's request for judicial notice is accordingly denied.

## V. CONCLUSION

For the reasons discussed above, TPMG's motion for judgment on the pleadings is granted. While it would appear that amendment would be futile, Plaintiff is granted leave to amend. Any such amended complaint must be filed within 21 days of the date of this order. Otherwise, the action will be dismissed with prejudice.

**IT IS SO ORDERED**.

---

[5] TPMG initially sought judicial notice of one more exhibit, but has since withdrawn that request following the parties' stipulation to dismiss with prejudice the fourth claim in the FAC.

1
2  Dated: June 21, 2024
3
4  _____
   RICHARD SEEBORG
   Chief United States District Judge