UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIMI WEISS,

        Plaintiff,

    v.

THE PERMANENTE MEDICAL GROUP, INC.,

        Defendant.

Case No. 23-cv-03490-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Mimi Weiss ("Weiss") sued her former employer, The Permanente Medical Group ("TPMG"), under Title VII of the Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act, California Government Code 12940 ("FEHA"). In her First Amended Complaint ("FAC"), Weiss raised eight claims, generally averring that TPMG failed to accommodate her religious beliefs and wrongfully terminated her for not complying with The Kaiser Permanente Vaccination Policy ("the Policy") during the COVID-19 pandemic. Four of those were dismissed on December 4, 2023. *Weiss v. Permanente Med. Grp., Inc.*, No. 23-cv-03490, 2023 WL 8420974, at *4 (N.D. Cal. Dec. 4, 2023). Another claim was dismissed pursuant to stipulation on April 24, 2024. After TPMG moved for judgment on the pleadings, the remaining three claims were dismissed on June 21, 2024. *Weiss v. Permanente Med. Grp., Inc.*, No. 23-cv-03490, 2024 WL 3090496, at *5 (N.D. Cal. June 21, 2024). Although "it would appear that amendment would be futile," Weiss received leave to amend. *Id.*

Weiss thereafter filed a Second Amended Complaint ("SAC"). In it, she raised five claims

for relief, averring that TPMG: (1) violated her right to privacy and bodily autonomy under Article I, Section 1 of the California Constitution; (2) failed to accommodate her religious beliefs under Title VII; (3) failed to accommodate her religious beliefs under FEHA; (4) failed to prevent discrimination under FEHA; and (5) breached an implied covenant of good faith and fair dealing in her employment contract. The second, third, and fourth claims reiterated ones previously dismissed in the FAC.

TPMG moved to dismiss the SAC in its entirety, with prejudice and without leave to amend, and requested judgment in its favor. For the reasons discussed below, the motion is granted.

## II. BACKGROUND

Prior orders in this case discussed at length its factual background. *See Weiss*, 2023 WL 8420974 at *1–2; *Weiss*, 2023 WL 3090496 at *3–4. TPMG, for which Weiss worked remotely during the COVID-19 pandemic, terminated her employment on January 10, 2022. The termination resulted from her failure to comply with the Policy, which required TPMG employees to provide proof of full vaccination for COVID-19 or secure an approved exemption by September 30, 2021. The Policy subjected those who did not comply to 60 days of unpaid leave. If an employee failed to achieve compliance during that period, their employment was to be terminated.

Weiss, who identifies as a "Christian Jew", had submitted an exemption request in or around late August 2021, asserting that her religious beliefs prevented her from taking the vaccine but acknowledging that she had not previously declined to receive vaccines because of these beliefs. "It's not that the covid-19 vaccine is different for me," she wrote in her initial request. "What's different is that during the last 18 months . . . I've recommitted to my Jewish roots and earlier this year have accepted Jesus Christ as the Messiah." Strauss Decl., Ex. A 2–3, ECF No. 58-2.[1] Although TPMG provisionally granted the request, it later notified Weiss that it would

---

[1] Exhibit A to the Strauss Declaration is Weiss's initial request for a religious exemption, which the SAC incorporated by reference. Weiss has not contested its authenticity.

conduct further review because other employees submitted similar or identical requests with language taken verbatim from free and paid templates available online.

TPMG subsequently sought additional information from Weiss to evaluate her exemption request.  The company asked Weiss the following questions: "What else besides the COVID-19 vaccine do you refuse to put in your body as a result of your religious belief?"; "Have you put this belief into practice in any other areas of your life?"; "Do you currently take or have you ever taken medications of any kind (over the counter or prescription) as an adult?"; if that answer was yes, "When is the last time you took such medicine? Is the COVID-19 vaccine different from these medicines? If so, how?"; "Why does your religious belief prevent you from receiving the COVID-19 vaccination but not from taking other medications?"; and, finally, "Please resubmit your request for accommodation in your own words without using template or stock language from the internet or other sources." Strauss Decl., Ex. D 3–4, ECF No. 58-5.[2]

Weiss's answers were incomplete.  As to the first question, Weiss stated that she refuses to ingest "any chemicals/substances that would be unclean" due to her beliefs; as to the second, she stated that her "religious beliefs inform all meaning and purpose in my life." *Id.*  Weiss refused, however, to answer the questions about whether she takes any other medications and, if so, why those medications are distinct from the COVID-19 vaccine, stating: "[m]y medical information and history is protected, and private, therefore I will not answer questions about medicines that I may or may not have taken." *Id.*[3]  As to the inquiry regarding why her beliefs prevented her from receiving the COVID-19 vaccination but not from taking other medications, she expressed confusion as to its relevance and reiterated her position that "my religious beliefs do not allow me to alter the perfection of my God-given immune system." *Id.*  As to the question asking her to

---

[2] Exhibit D to the Strauss Declaration is Weiss's response to TPMG's request for additional clarification, which the SAC incorporated by reference.  Weiss has not contested its authenticity.

[3] The questionnaire specifically noted that it was "not asking you [to] tell us what medications you take or why you take them – please do not share that information with us." Strauss Decl., Ex. D 4, ECF No. 58-5.

1    restate, in her own words, her initial request, Weiss "failed even to provide a response." *Weiss*,

2    2024 WL 3090496, at *4.

3        TPMG thereafter denied Weiss's exemption request and placed her on unpaid leave

4    pending proof of vaccination. When Weiss contacted management in hopes of discussing the

5    denial, she learned there was no appeal process and that TPMG was using a third-party company

6    to review the requests. After the term of unpaid leave concluded with no proof of vaccination

7    provided, TPMG terminated her. This case followed.

### III. LEGAL STANDARD

    A complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. The plausibility determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

    A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the complaint. Such a dismissal may rest on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## IV. DISCUSSION

A. <u>First Claim: Violation of Right to Privacy and Bodily Autonomy under California Constitution Article I § 1</u>

To allege an invasion of privacy under the California Constitution, a plaintiff must establish: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39-40 (1994). Regarding the legally protected privacy interest element, California law recognizes two categories: "(1) interests in precluding dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')." *Id.* at 35. As to the serious invasion element, any alleged intrusion on privacy must be "'so serious . . . as to constitute an egregious breach of the social norms' such that the breach is 'highly offensive.'" *In re Facebook, Inc., Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (alteration in original) (quoting *Hernandez v. Hillsides*, *Inc.*, 47 Cal. 4th 272, 287 (2009)).

"A defendant may prevail in a state constitutional privacy case by negating any of the three elements . . . or by pleading and proving, as an affirmative defense, that the invasion of privacy is justified because it substantially furthers one or more countervailing interests." *Hill*, 7 Cal. 4th at 40. Whether such interests exist is a "threshold question[] of law for the court." *Id.*

TPMG argues that Weiss's privacy claim must be dismissed because her SAC failed to establish either a legally protected privacy interest or a serious invasion of it. Moreover, TPMG raises the affirmative defense that its Policy furthered a sufficient countervailing interest—promoting public health. Weiss opposes dismissal, arguing that she sufficiently plead a legally protected informational interest in being free from intrusive questions and a legally protected autonomy interest in not getting a vaccine. She also asserts that TPMG seriously invaded those interests by conditioning her employment on vaccination and contends that promoting public health is not a sufficient countervailing interest given her role as a remote employee.

Contrary to her opposition brief, Weiss did not establish an informational privacy right in the SAC, which identified a right to personal autonomy only. *See, e.g.*, SAC ¶ 100, 101, 110. As for the autonomy right which she did describe, California courts have long recognized that, when the alleged invasion relates to public health, "there is a presumption both of constitutional validity and that no violation of privacy has occurred." *Love v. State Dept. of Educ.*, 29 Cal. App. 5th 980, 993 (Cal. Ct. App. 2018) (citing *Coshow v. City of Escondido*, 132 Cal. App. 4th 687, 712 (2005)). "[T]he right to be free from nonconsensual invasions of bodily integrity is not absolute" and a "simple vaccination permissible to protect public health" is legally distinguishable from "a substantial surgical procedure, with the potential not only to cause discomfort and pain but also to create additional risks[.]" *Thor v. Super. Ct.*, 5 Cal. 4th 725, 738, 740 (1993). In this regard, the California right to privacy is "no more sacred than any other fundamental rights that have readily given way to a State's interest in protecting the health and safety of its citizens[.]" *Love*, 29 Cal. App. 5th at 994 (internal quotation marks omitted). Weiss attempts to distinguish these cases as involving public institutions rather than private employers such as TPMG, but she provides no basis on which to do so and no authority requiring it. She therefore has failed both to allege a serious invasion of her right to bodily autonomy and to rebut TPMG's countervailing interest in protecting public health. The privacy claim is dismissed with prejudice.

B. <u>Second, Third, and Fourth Claims: Failure to Accommodate Religious Beliefs under Title VII and FEHA and Failure to Prevent Discrimination under FEHA</u>

Title VII and FEHA "require employers to accommodate [an employee's] religious beliefs unless doing so would pose an undue hardship." *Bolden-Hardge v. Off. of Calif. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). Claims of failure to accommodate, under either statute, require analysis under a two-step, burden-shifting framework:[4] first, the employee must plead a prima facie case of failure to accommodate religion; second, if the employee succeeds, the burden

---

[4] "FEHA is interpreted consistently with Title VII[.]" *See Ambat v. City & Cnty. of San Francisco*, 757 F.3d 1017, 1023 n.2 (9th Cir. 2014). Thus, Weiss's federal and state law claims are analyzed jointly.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 23-cv-03490-RS

6

1  shifts to the employer to "show either that it initiated good faith efforts to accommodate
2  reasonably the employee's religious practices or that it could not reasonably accommodate the
3  employee without undue hardship." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830
4  (9th Cir. 1999) (internal citation omitted). The plaintiff's prima facie burden is to show that "(1)
5  [s]he had a bona fide religious belief, the practice of which conflicted with an employment duty;
6  (2) [s]he informed [her] employer of the belief and conflict; and (3) the employer . . . subjected
7  [her] to discriminatory treatment, including discharge, because of [her] inability to fulfill the job
8  requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).
9       TPMG argues that the reiterated Title VII and FEHA claims in the SAC must be dismissed
10 because Weiss fails to allege with plausibility that she adequately explained the conflict between
11 her religious beliefs and the Policy—the second element of her prima facie case, on which her
12 FAC previously foundered. Weiss opposes dismissal, claiming that her SAC *does* plausibly allege
13 having provided the necessary notice to TPMG of that conflict.
14      Weiss's argument is unavailing. The order granting TPMG judgment on the pleadings
15 explained why "Weiss's unclear, generic, and vague responses in her initial exemption request
16 served as a basis for TPMG to seek clarity on the very responses she had already provided."
17 *Weiss*, 2024 WL 3090496, at *5. In refusing to explain the conflict between the vaccine and her
18 beliefs, her reference to privacy concerns failed to explain "why asking a question already
19 answered is any more invasive the second time around." *Id.* Moreover, nothing in the SAC
20 addresses the court's prior determination that Weiss's accommodation request sought "the kind of
21 'blanket privilege' that would have resulted in a 'limitless excuse for avoiding all unwanted []
22 obligations' and provided little basis for TPMG to evaluate the extent of her religious beliefs'
23 potential conflict with the Policy." *Id.* at *3 (quoting *Finkbeiner v. Geisinger Clinic*, 623 F. Supp.
24 3d 458, 465 (M.D. Pa. 2022)). Nor does the SAC provide cause to reconsider the conclusion that
25 "TPMG was well within its rights as the employer seeking to implement a uniform policy across
26 its employees to inquire narrowly into Weiss' beliefs and any conflicts with the Policy" via the
27 follow-up questionnaire. *Id.* at *4.
28

What the SAC does provide is new, conclusory elaborations aimed at bolstering Weiss's initial exemption request and characterizing her response to TPMG's request for clarification. *See, e.g.*, SAC, ¶¶ 50, 53, 61, 69, 76. But a "[p]laintiff cannot retroactively supplement her religious conflict as she framed it to Kaiser when it denied her exemption." *Chinnery v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. 1:23-cv-01110, 2024 WL 3152348, at *5 n.7 (E.D. Va. June 24, 2024). When such conclusory allegations are ignored, the relevant claims in the SAC bear an uncanny resemblance to those from the FAC on which TPMG previously secured judgment in its favor. Because the SAC provides no new factual allegations as to Weiss having provided TPMG sufficient notice of the conflict between her beliefs and the vaccine, TPMG's motion to dismiss is granted as to Weiss's second and third claims.

TPMG also moves to dismiss Weiss's fourth claim, which avers a failure to prevent discrimination and harassment under FEHA, because it hinges on the viability of her second and third claims. "[A]n employee cannot seek to hold an employer liable for failing to prevent discrimination that did not happen." *Weiss*, 2024 WL 3090496, at *5 (citation omitted). Thus, given the dismissal of Weiss's second and third claims, her fourth claim is likewise dismissed.

C. Fifth Claim: Breach of the Covenant of Good Faith and Fair Dealing

When TPMG moved to dismiss Weiss's fifth claim, Weiss did not contest its dismissal. The claim is therefore dismissed with prejudice.

## V. CONCLUSION

For the reasons above, TPMG's motion to dismiss is granted. Weiss's claims are hereby dismissed without leave to amend. Judgment is entered in favor of TPMG.

**IT IS SO ORDERED**.

Dated: September 30, 2024

_____
RICHARD SEEBORG
Chief United States District Judge