Alan J. Reinach (SBN. 196899)
ajreinach@churchstate.org
Jonathon S. Cherne (SBN. 281548)
Jcherne@churchstate.org
CHURCH STATE COUNCIL
2686 Townsgate Road,
Westlake Village, CA 91361
Tel: 805.413-7398
Fax: 805.497-3828

Attorneys for Plaintiff
MIMI WEISS

Christian J. Rowley, (SBN 187293)
(crowley@seyfarth.com)
Sean T. Strauss (SBN 245811)
(sstrauss@seyfarth.com)
Galen P. Sallomi (SBN 306743)
(gsallomi@seyfarth.com)
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105
Tel: (415) 397-2823
Fax: (415) 397-8549

Kenneth R. Pedroza, (SBN 184906)
(kpedroza@colepedroza.com)
Zena Jacobsen (SBN 295833)
(zjacobsen@colepedroza.com)
COLE PEDROZA LLP
2295 Huntington Drive
San Marino, CA 91108
Tel: (626) 431-2787
Fax: (626) 431-2788

Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIMI WEISS,<br><br>Plaintiff,<br><br>v.<br><br>THE PERMANENTE MEDICAL GROUP,<br><br>Defendant. | Case No. 3:23-cv-03490-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## CASE MANAGEMENT CONFERENCE STATEMENT

Defendant The Permanente Medical Group, Inc. ("TPMG" or "Defendant") and Plaintiff Mimi Weiss ("Weiss" or "Plaintiff") hereby submit the following case management statement.

## I. JURISDICTION AND SERVICE

The Parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff has alleged claims arising under Title VII of the Civil Rights Act of 1964. The Parties further agree that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. TPMG has been served and has appeared in this action.

## II. FACTS

### A. Plaintiff's Summary Of The Case

Plaintiff Mimi Weiss brings this action against her former employer, The Permanente Medical Group, Inc. ("TPMG"), arising from its revocation of her religious exemption from its COVID-19 vaccination requirement and the resulting termination of her employment. Weiss was a management professional in health education whose most recent position was Managerial Senior Consultant in Health Engagement Consulting Services. Her duties were fully remote, with no in-person contact with patients, other employees, or the public in performing her work.

Weiss requested a religious exemption based on her beliefs as a Christian Jew, including her understanding of biblical teachings concerning bodily integrity, non-curative needle wounds, and her body as a temple of the Holy Spirit. TPMG initially provisionally approved her request, subsequently required supplemental information, and revoked the approval after receiving her responses. Weiss reaffirmed her religious objections but declined to answer certain questions concerning her medical history on privacy grounds. She sought assistance and reconsideration through management, but alleges that TPMG afforded no meaningful opportunity to discuss her request personally or appeal its denial. TPMG placed her on unpaid leave and terminated her employment on January 10, 2022, after she did not become vaccinated.

Weiss contends that TPMG's reliance on impersonal digital submissions and stock follow-up questions did not meaningfully evaluate her individual religious beliefs or their sincerity, but instead conditioned approval on applicants' ability to supply written answers

acceptable to screeners. She disputes TPMG's characterization that she refused to engage in the accommodation process. Weiss further contends that TPMG failed to account for her fully remote duties when applying its vaccination requirement and lacked a sufficient health-and-safety justification for requiring her vaccination. She alleges that TPMG and other Kaiser Permanente entities granted thousands of religious exemptions, including to employees providing in-person patient care, and contends that those exemptions demonstrate the availability of alternatives that could have accommodated her religious beliefs and respected her privacy without undue hardship.

**B. Defendant's Summary Of The Case**

In response to the unprecedented public health emergency presented by the COVID-19 pandemic, and in anticipation of both federal and state regulations adopted shortly thereafter requiring COVID-19 vaccination for all employees of healthcare organizations, in August 2021, TPMG implemented a policy requiring that all employees must provide proof of vaccination unless they received an approved religious or medical exemption (the "Vaccination Policy"). TPMG in good faith believed that the Vaccination Policy was the most effective way to protect its patients, employees, and members of the community from the serious health and safety threats caused by the pandemic while also complying with governmental mandates regarding the vaccination of healthcare workers. Consistent with applicable state and federal law, including guidance from the Equal Employment Opportunity Commission ("EEOC"), and TPMG's good faith understanding of its rights and obligations as a healthcare employer, TPMG developed a comprehensive, holistic, and individualized process to evaluate every request for a religious accommodation. Employees were requested to state, in their own words, their religious belief system, practice, and/or observance and why that belief/system/practice prevented them from receiving a COVID-19 vaccine. As permitted by law, TPMG also sent employees supplemental questions in an effort to understand the employees' religious conflict. TPMG reviewed religious exemption requests in good faith and consistent with applicable law. TPMG granted the religious exemption requests to those employees who, through their written submissions, articulated a sincerely-held religious belief system, practice, and/or observance that prohibited

the employee from receiving any of the approved/authorized COVID-19 vaccines. Employees who did not comply with the Vaccination Policy were terminated in accordance with the Vaccination Policy. Across the healthcare system known as Kaiser Permanente, which is made up of separate and distinct entities and of which TPMG is a part, approximately 16,000 employees requested a religious exemption and approximately two-thirds of the requests were granted.

Plaintiff Mimi Weiss was an employee who submitted a request for a religious exemption. In her initial request for an exemption and in response to TPMG's questions regarding the basis for her request, Plaintiff stated she was a Christian Jew whose faith "prohibits needle wounds except for direct curative benefit[,]" that her body is a temple of the Holy Spirit, and that "The COVID-19 vaccines go directly against my belief that I am not to introduce foreign substances into my body temple that change how my Creator designed it. God created my body temple with an immune system, the mechanism to ward off disease, and there is need [sic] to inject a man-made substance in an effort to 'improve' my God given abilities." Plaintiff admitted in response to other questions posed that she had never previously declined a vaccination based on the purported religious belief advanced in her exemption request.

Based on the statements made by Plaintiff in her initial exemption request, and consistent with its policy and the law, TPMG sent Plaintiff limited and tailored set of questions seeking additional information to further evaluate whether Plaintiff's asserted religious belief conflicted with her ability to receive a COVID vaccine. Instead of engaging in the process and providing good faith responses to these supplemental questions, Plaintiff submitted answers to the follow-up questions consisting of (1) generalities, (2) arguments regarding the relevance of questions, and (3) outright refusals to answer. Among other things, Plaintiff's refusal to engage in the process and her failure to provide any new or substantive information in support of her exemption request did not provide TPMG sufficient information to assess whether Plaintiff's stated religious belief prevented her from receiving a COVID-19 vaccine. Because Plaintiff's submissions did not state and sufficiently explain a religious conflict to getting the COVID-19 vaccine, TPMG denied Plaintiff's request for a religious exemption from its COVID-19

vaccination requirement. In accordance with the Vaccination Policy, Plaintiff was placed on a leave of absence to allow her an opportunity to come into compliance with the Policy. When Plaintiff thereafter did not, her employment was terminated by operation of the Vaccination Policy.

## III. LEGAL ISSUES

### A. Plaintiff's Statement Of Legal Issues

1. Whether Weiss held a sincerely held religious belief that conflicted with TPMG's COVID-19 vaccination requirement, and whether her exemption request and subsequent communications adequately informed TPMG of that conflict.

2. Whether TPMG's evaluation of Weiss's request and its supplemental inquiries complied with its obligations under Title VII and FEHA, including whether TPMG improperly rejected the religious nature or sincerity of her beliefs.

3. Whether TPMG failed to reasonably accommodate Weiss's religious beliefs before placing her on leave and terminating her employment.

4. Whether TPMG can establish an undue-hardship defense for a remote employee under the standards applicable to each surviving claim. For the Title VII claim, the inquiry includes whether accommodation would have resulted in substantial increased costs in relation to the conduct of TPMG's particular business, considering the accommodation and its practical impact in light of the nature, size, and operating costs of that business.

5. Whether TPMG violated Weiss' Constitutional Right to Privacy and Bodily Autonomy.

6. What bearing TPMG's treatment of other exemption requests, available accommodations, operative policies, and decision-maker communications has on Plaintiff's claims and TPMG's defenses.

7. What economic and noneconomic damages and other relief are recoverable if Plaintiff establishes liability, including the effect of mitigation evidence and the factual basis for punitive damages and/or equitable relief.

**B. Defendant's Statement of Legal Issues**

1. Whether TPMG is entitled to judgment on all of Plaintiff's claims because she failed as a matter of law to establish that she had a bona fide religious belief preventing her from being vaccinated for COVID-19 and failed to inform TPMG of the conflict between her religious belief and getting the COVID-19 vaccination.

2. Whether TPMG is entitled to judgment on Plaintiff's claims because she cannot prove that TPMG's legitimate, non-discriminatory reason for the termination was pretextual.

3. To the extent Plaintiff can establish a prima facie case, whether TPMG is entitled to judgment on all of Plaintiff's claims because accommodating Plaintiff's request would have caused undue hardship.

4. Whether TPMG is entitled to judgment on Plaintiff's claims for Constitutional Right to Privacy and Bodily Autonomy because Plaintiff cannot establish a prima facie case, nor can she overcome TPMG's defenses.

## IV. MOTIONS

Plaintiff intends to file a motion for partial summary judgment on one or more of her legal claims as to liability.

Defendant intends to file a motion for summary judgment as to all of Plaintiff's claims on the grounds that Plaintiff cannot establish a prima facie case as to any of her claims, and even if she could, she cannot create a triable issue on Defendant's affirmative defenses.

## V. AMENDMENT OF PLEADINGS

The Parties do not anticipate any further amendments to the pleadings.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action.

## VII. INITIAL DISCLOSURES

The Parties have already exchanged their initial disclosures.

## VIII. DISCOVERY

Aside from the exchange of initial disclosures, discovery has not yet been conducted. The Parties will proceed with discovery as set forth in the Federal Rules of Civil Procedure.

## IX. CLASS ACTIONS

Not applicable as this case is not a class action.

## X. RELATED CASES

The Parties are unaware of any related cases.

## XI. RELIEF

### A. Plaintiff's Statement

Plaintiff has asserted claims for full relief for her claims including compensatory economic and non-economic damages, punitive damages, declaratory relief, and all available injunctive relief including reinstatement, adoption of religious discrimination accommodation policies, and training of management on those policies, together with prejudgment interest, costs and attorneys' fees.

### B. Defendant's Statement

TPMG denies that Plaintiff is entitled to any relief sought and requests that it be awarded its costs in this matter, including but not limited to, reasonable attorney's fees as permitted by law.

## XII. SETTLEMENT AND ADR

The Parties agree that either a Mandatory Settlement Conference or private mediation would be appropriate in this case.

## XIII. OTHER REFERENCES

N/A

## XIV. NARROWING OF ISSUES

At this time, it is too early for the Parties to determine whether there are issues that can be narrowed.

## XV. EXPEDITED TRIAL PROCEDURE

This matter is not suitable for an expedited trial.

## XVI. SCHEDULING

### A. Plaintiff's Proposal

| | |
|---|---|
| Fact Discovery Cut-off: | June 1, 2027 |
| Last day to hear any Dispositive motion: | Thursday, September 9, 2027 |
| Expert Discovery Cut-off: | Thirty days after a decision on dispositive motion(s) |
| Last day to hear any Daubert motion: | Thirty days after the Expert Discovery Cut-off; |
| Pre-Trial Conference: | December 1, 2027 |
| Trial: | December 13, 2027 |

### B. Defendant's Proposal

| | |
|---|---|
| Fact Discovery Cut-off: | September 7, 2027 |
| Last day to hear any Dispositive motion: | December 16, 2027 (a Thursday) |
| Expert Discovery Cut-off: | Thirty days after a decision on dispositive motion(s) |
| Last day to hear any Daubert motion: | Thirty days after the Expert Discovery Cut-off; |
| Pre-Trial Conference: | Wednesday, March 8, 2028 |
| Trial: | Monday, March 20, 2028 |

## XVII. TRIAL

The Parties agree trial of this matter will require five (5) days or less.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Statement

Plaintiff knows of no non-party person or entity having a financial interest in this controversy or in a party, or any other interest that could be substantially affected by the outcome of this proceeding, other than the named parties.

### B. Defendant's Statement

As required by the Northern District of California's Local Rules, on August 18, 2023,

TPMG filed a Certificate of Interested Entities stating that there were no non-party interested entities or persons to report. That disclosure remains accurate as of the date of filing of this Case Management Statement.

**XIX. PROFESSIONAL CONDUCT**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XX. OTHER MATTERS**

Counsel for both parties are unaware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter

DATED: October 15, 2026 CHURCH STATE COUNCIL

By: */s/Alan J. Reinach*
Alan J. Reinach
Jonathon S. Cherne
Attorneys for Plaintiff
MIMI WEISS

DATED: October 15, 2026 COLE PEDROZA LLP

By: */s/ Zena Jacobsen*
Kenneth R. Pedroza
Zena Jacobsen
Attorneys for Defendant
THE PERMANENTE MEDICAL GROUP, INC.

**SIGNATURE ATTESTATION PURSUANT TO L.R. 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized this filing.

DATED: October 15, 2026

*/s/ Zena Jacobsen*
Zena Jacobsen